(No. 43023.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOSEPH ARDELLA, Appellant.

*Opinion filed November 24, 1971.*

WILLIAM R. JACOBS, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL and E. JAMES GILDEA, Assistant Attorneys General; ROBERT A. NOVELLE and GEORGE ELSENER, Assistant State's Attorneys; of counsel,) for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

The defendant was found guilty following a bench trial in the circuit court of Cook County of the offense of driving while under the influence of intoxicating liquor and of the offense of failing to yield the right-of-way to an approaching vehicle when making a left turn. He has appealed from these convictions.

Following the investigation of an accident in which defendant was involved he was taken to a Cook County sheriff's-police station where breathalizer tests were performed on him which revealed a high percent of alcohol in his blood. Defendant was then taken into another room where an audio-video camera and equipment were located. The camera was operated by one officer who was stationed near it and another officer stood near the defendant and held a microphone in his hand for the purpose of recording the defendant's voice. At the beginning of the recording the officer is shown reading to defendant the full warnings prescribed by the Supreme Court in *Miranda v. Arizona, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602.* The officers administered certain coordination-performance tests and the same with responses thereto were recorded on the audio-video tape.

Prior to trial the court denied defendant's motion to suppress the tape which was introduced as evidence and shown to the court at the trial.

Defendant contends that it was error to admit the audio-video tape into evidence since he had not consented to being filmed nor was he warned that the tape would be used against him. The defendant further complains that the use of the tape violated the Illinois eavesdropping statute. Ill.Rev.Stat. 1967, ch. 38, par. 14—1 *et seq.*

Defendant's constitutional objections are based on the fourth and fifth amendments to the Federal constitution. He contends that since he was not aware of the fact that his actions were being recorded and had not consented thereto, the recording of his actions and his voice on audio-video tape violated his right under the fourth amendment to the Federal constitution. We see here no such violation. The defendant relies on *Katz v. United States, 389 U.S. 347, 19 L.Ed.2d 576, 88 S.Ct. 507,* wherein the Supreme Court held that defendant's fourth amendment rights had been violated when government agents attached a device to the exterior of the phone booth and recorded the defendant's conversation. Although the court stated that the fourth amendment cannot be translated into a general constitutional right to privacy, the court held that the government's activities had violated the privacy upon which the defendant justifiably relied while using the telephone and thus constituted a "search and seizure" within the meaning of the fourth amendment. In the recent case of *United States v. White (1971), 401 U.S. 745, 28 L.Ed.2d 453, 91 S.Ct. 1122,* the court pointed out that *Katz* involved no revelation to the government by a party to the conversations with the defendant. The court reaffirmed the holding in *Hoffa v. United States, 385 U.S. 293, 17 L.Ed.2d 374, 87 S.Ct. 408,* to the effect that the fourth amendment affords no protection to "a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing

will not reveal it." The court also reaffirmed its holding in *Lopez v. United States, 373 U.S. 427, 10 L.Ed.2d 462, 83 S.Ct. 1381,* to the effect that the fourth amendment rights are not violated when an agent unknown to the defendant carries electronic equipment to record the defendant's words. In *White* the informant, while talking to defendant, was equipped with a transmitter and the government agents testified as to the defendant's conversation which they heard while monitoring the transmission. The court held that the defendant's fourth amendment rights had not been violated. In *White* the court concluded that since a police agent may make notes of his conversation with defendant and later testify concerning them as in *Hoffa,* for constitutional purposes, no different result is required if the agent records the conversation with electronic equipment which he is carrying as in *Lopez,* or if he carries radio equipment which transmits the conversation to other agents who are monitoring the frequency as in *White.* The court held that in such situations the defendant's constitutionally justifiable expectation of privacy is not invaded.

In the case now under consideration not only is our conclusion fortified by the holding in *Hoffa, Lopez* and *White,* but also in our case unlike the three cases referred to, the defendant before he spoke had been warned that anything he said could be used against him. Under these circumstances there was no violation of the rights secured to the defendant by the fourth amendment to the Federal constitution.

As to the defendant's rights under the fifth amendment to the Federal constitution he admits that prior to the taping of his responses he had been given his full *Miranda* warnings. However, he contends that he should also have been warned that his responses would be recorded on audio-video tape and that the tape could be used as evidence against him. Such additional warnings were not required. Under the circumstances present the officers who witnessed the responses were competent to

testify thereto and to describe the same. Following the rationale in *Lopez* and *White* the recorded responses would likewise be competent. These recorded responses were introduced and received into evidence as an aid to the oral testimony which was given by the. officers who had witnessed the performance.

The defendant stipulates that the full *Miranda* warnings were given at the beginning of the recording. Although the tape does not record the defendant specifically saying that he waives these rights, he did as the warnings were being given say that he was acquainted with his rights and he stated that he would participate in the tests. He did so and also answered questions which were asked by an officer. The waiver of defendant's rights is not to be found solely in the language employed but may be found in a combination of the articulation and surrounding circumstances. (See *People v. Hill, 39 Ill.2d 125.*) The acknowledgment by the defendant that he was acquainted with his rights and his willingness to participate in the tests and questioning manifested an intent to waive his rights as ennunciated in *Miranda.* In view of the warnings that were given and the waiver by the defendant of his constitutional rights, it is not necessary for us to critically analyze the film and the recording to ascertain whether the responses recorded are such as fall within the protection of the fifth amendment or whether they constitute only physical evidence. (See *Schmerber v. California, 384 U.S. 757, 16 L.Ed.2d 908, 86 S.Ct. 1826.)* We perceive that certain responses of an accused during such tests and interrogation may be testimonial in nature and thus protected as contrasted to physical or identification evidence. However, the admonishment and waiver by the defendant in this case effectively waived his privilege against self-incrimination as to any responses which may have come within the protection of the fifth amendment.

Turning now to the defendant's contention that the Illinois eavesdropping statute was violated, we note

522

that section 14—2 thereof (Ill.Rev.Stat. 1967, ch. 38, par. 14—2) provides that a person commits eavesdropping "when he: (a) Uses an eavesdropping device to hear or record all or any part of any oral conversation without the consent of any party thereto." Although defendant states that he did not know that he was being filmed and that he did not recognize the instrument in the room as a camera, he admitted that he knew the officer was holding a microphone in his hand. An officer testified that following the breathalizer tests he told defendant he wanted to film him and requested him to step into the other room. In this room an officer held a microphone in his hand during the entire test and it was held from one to three feet from the defendant. Another officer operated the camera which was mounted on a tripod plainly visible in the room about 15 feet from the defendant. At one point during the tests the film shows the defendant walking up to within two or three feet of the camera and looking at it. On the basis of this evidence, it was not error for the trial court to conclude that the defendant was aware of the fact that a recording was being made and that he knowingly acquiesced therein. Such acquiescence constitutes consent for the purpose of the eavesdropping statute. *In re Conservatorship of Stevenson, 44 Ill.2d 525.*

For the above reasons the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*