(No. 46298.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. WILLIAM H. RICHARDSON, Appellee.

*Opinion filed March 24, 1975.*

GOLDENHERSH, J., specially concurring.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Patrick T. Driscoll, Jr., Barry Rand Elden, and Kenneth L. Gillis, Assistant. State's Attorneys, and Gregory J. Schlesinger and John J. Verscaj (law students), all of Chicago, of counsel), for the People.

James J. Doherty, Public Defender, of Chicago (Gail Moreland, Ronald P. Alwin, Dale W. Broeder, and William Murphy, Assistant Public Defenders, and Robert B. Thompson (law student), of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The sole issue on this appeal is the constitutionality of section 14—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 14—2), which permits eavesdropping if it is done with the consent of any one party to a conversation and at the request of a State's Attorney. The circuit court of Cook County declared section 14—2

unconstitutional, and the State has appealed directly to this court under Supreme Court Rule 603 (50 Ill.2d R. 603).

The statute makes eavesdropping a Class A misdemeanor (section 14—4) and provides that evidence obtained through violation of the challenged statute is not admissible in any civil or criminal trial (section 14—5). Section 14—2 defines the elements of the offense:

> "A person commits eavesdropping when he:
>
> (a) Uses an eavesdropping device to hear or record all or any part of any conversation unless he does so with the consent of any one party to such conversation and at the request of a State's Attorney; or
>
> (b) Uses or divulges, except in a criminal proceeding, any information which he knows or reasonably should know was obtained through the use of an eavesdropping device."

In June, 1971, the defendant, William Richardson, approached Louis Strel and asked him to obtain someone to kill Richardson's wife. Strel contacted law enforcement officers and on the morning of June 15, 1971, was brought to the State's Attorney's office. There he told an assistant State's Attorney of his conversations with the defendant and said that he was to telephone the defendant at 11 o'clock that morning. At approximately 10:30 a.m., this assistant narrated Strel's story to the first assistant State's Attorney, who in turn called the State's Attorney of Cook County, Edward Hanrahan. Over the telephone, Hanrahan authorized eavesdropping on future conversations between Strel and the defendant for a period of seven days. The first assistant then signed an authorization letter in the name of Edward Hanrahan and placed his own initials below the signature.

A tape recording device was immediately attached to a telephone in the State's Attorney's office, and Strel placed a telephone call to the defendant. The ensuing conversation was recorded. A second telephone call was recorded the following day. A third conversation between Strel and

the defendant was recorded on the afternoon of June 15 by means of an eavesdropping device carried by Strel, which transmitted the conversation over a police frequency to listening officers and a tape recorder.

It is undisputed that Strel gave his consent to the monitoring and recording of his conversations with the defendant. The defendant was indicted for solicitation to murder. Prior to trial, the defendant moved to suppress the recorded conversations; the trial court granted the motion and declared section 14—2 unconstitutional.

Initially the defendant asserts that section 14—2 violates the fourth amendment's prohibition against unreasonable searches and seizures. The defendant has cited over 30 Supreme Court cases to support that position. We find it unnecessary to examine each of these cases individually because we think that *United States v. White* (1971), 401 U.S. 745, 28 L. Ed. 2d 453, 91 S. Ct. 1122, is directly in point and disposes of the defendant's fourth amendment argument.

·In the *White* case the issue was "whether the Fourth Amendment bars from evidence the testimony of governmental agents who related certain conversations which had occurred between defendant White and a government informant, Harvey Jackson, and which the agents overheard by monitoring the frequency of a radio transmitter carried by Jackson and concealed on his person." (401 U.S. at 746-47, 28 L. Ed. 2d at 456.) In the *White* case, as in the present case, the government informant had carried with him an electronic device which transmitted his conversation to outside agents who were equipped with radio receivers. The government informant in *White* had given his consent to the recording of these conversations. No warrant had been obtained, and the decision to transmit the conversation was apparently made solely by the police department. The court of appeals relied on *Katz v. United States* (1967), 389 U.S. 347, 19 L. Ed. 2d 576, 88 S. Ct. 507, in holding that testimony of the outside

agents could not be admitted into evidence because it was obtained in violation of the fourth amendment.

In a plurality opinion, four of the justices, Justices White, Stewart, Blackmun and Chief Justice Burger, reaffirmed the decisions in *Hoffa v. United States* (1966), 385 U.S. 293, 17 L. Ed. 2d 374, 87 S. Ct. 408, *Lopez v. United States* (1963), 373 U.S. 427, 10 L. Ed. 2d 462, 83 S. Ct. 1381, and *On Lee v. United States* (1952), 343 U.S. 747, 96 L. Ed. 1270, 72 S. Ct. 967, and held that the transmission of the conversations to outside agents with the consent of one party was not precluded by *Katz* and did not violate the fourth amendment. In a separate concurring opinion, Justice Black, relying on his dissent in *Katz* in which he stated that eavesdropping did not constitute a search or seizure within the meaning of the fourth amendment, held that the conversations did not violate the fourth amendment. Justice Brennan also concurred with the decision on the ground that *Katz* was not retroactive. Justices Douglas, Harlan and Marshall dissented, arguing that the fourth amendment did preclude the warrantless recording of conversations conducted with one party's consent.

When Justice Black's opinion is added to the plurality opinion, there is a majority decision that warrantless, one party consent eavesdropping is not a violation of the fourth amendment. (*Holmes v. Burr* (9th Cir. 1973), 486 F.2d 55, 60; *United States v. Bonanno* (2d Cir. 1973), 487 F.2d 654, 657 n.1; Y. Kamisar, W. LaFave, J. Israel, Modern Criminal Procedure (4th ed. 1974) 464, n.c.) This majority decision in *White* applies both to the situation where a face to face conversation between an agent and a defendant is transmitted and recorded (see, *e.g., United States v. Dowdy* (4th Cir. 1973), 479 F.2d 213, *cert. denied*, 414 U.S. 823, 38 L. Ed. 2d 118; *United States v. Fanning* (5th Cir. 1973), 477 F.2d 45, *cert. denied*, 414 U.S. 1006, 38 L. Ed. 2d 243), and to the situation where a telephone conversation between an agent and a defendant

is recorded. See, *e.g., People v. Bonanno* (2d Cir. 1973), 487 F.2d 654; *United States v. Quintana* (10th Cir. 1972), 457 F.2d 874, *cert. denied,* 409 U.S. 877, 34 L. Ed. 2d 130; *United States v. Williamson* (5th Cir. 1971), 450 F.2d 585, *cert. denied,* 405 U.S. 1026, 31 L. Ed. 2d 486; *United States v. Puchi* (9th Cir. 1971), 441 F.2d 697, *cert. denied,* 404 U.S. 853, 30 L. Ed. 2d 92.

In the present case, the trial judge expressly recognized the *White* decision, but held that *United States v. United States District Court* (1972), 407 U.S. 297, 32 L. Ed. 2d 752, 92 S. Ct. 2125, was both inconsistent with *White* and controlling in this case. We do not agree. In our opinion *United States District Court* does not apply to the present factual situation. The issue in *United States District Court* was whether warrantless electronic surveillance was constitutional as a reasonable exercise of the President's power to protect the national security. The conversations involved in that case had been recorded without the consent of any of the parties to the conversations. The majority opinion was careful to point out that the issue in the case was a very narrow one (407 U.S. at 309, 32 L. Ed. 2d at 762), and we believe that it is clear that the court had no intention of altering the majority decision in *White.*

Because there is some discussion in the defendant's brief of his "expectations of privacy," we consider it appropriate to say that in our opinion the subjective expectations of the defendant are irrelevant here, just as they were in *People v. Stacey* (1974), 58 Ill.2d 83, 89. It is the reasonableness of the conduct of the police with which the fourth amendment is concerned, and the same is true with respect to section 6 of article I of the Constitution of Illinois.

The defendant also argues that section 14—2 is unconstitutional under the fourteenth amendment because it violates equal protection and because it does not provide any standards to indicate when it is proper for the State's

Attorney to "request" that eavesdropping take place. It must be borne in mind, however, that the statute has not diminished the defendant's rights but has in fact increased the protection of his rights. Under the *White* decision, in the absence of the eavesdropping statute, one party consent conversations could be recorded solely upon the decision of the police department. Section 14–2 has added the requirement that there must be, in addition to the consent of one of the parties to a conversation, a request from the State's Attorney before recording of the conversation is permitted. The statute's failure to enumerate requirements in addition to the consent of one party does not violate the fourteenth amendment. The office of the State's Attorney has historically "involved the exercise of a large measure of discretion in the many areas in which State's Attorneys must act in the performance of their duties in the administration of justice." (*People v. Handley* (1972), 51 Ill.2d 229, 233.) It does not violate due process to leave with the State's Attorney the decision whether or not to record conversations with the consent of one of the parties to them.

The defendant's final contention is that section 6 of article I of the Illinois Constitution of 1970 renders section 14–2 of the eavesdropping statute unconstitutional. Section 6 of article I provides:

> "The people shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means. No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized."

The Committee Report for this section provided in part:

> "(2) The words 'interceptions of their communications by eavesdropping devices or other means' have been inserted in the first clause. This addition is intended to create a right in respect to interception of communications that is akin to the prohibition against 'unreasonable

searches and seizures.' In its initial vote the Committee approved a provision that would have forbidden 'any interception of their communications by eavesdropping devices.' This absolute ban on eavesdropping would have prohibited interceptions made with the consent of one party, Ill. Rev. Stats., 1969, ch. 38, Sec. 14—2 (e.g., wiretapping consented to because essential to the apprehension of certain types of criminals such as kidnappers). On further consideration the Committee decided to withdraw this absolute ban in favor of a more flexible provision. The content of the prohibition against 'unreasonable *** interceptions' will have to be worked out by a process of case-by-case adjudication, just as with the prohibition against unreasonable searches and seizures. The Committee added the words 'or other means' to assure that the new provision would apply to all interceptions of communications, even those accomplished by means other than 'eavesdropping devices.' This prohibition states a minimum guarantee against interceptions of communications. The General Assembly is of course free to impose more stringent limitations by law if it chooses to do so.

A minority of the Committee opposed this provision because they favored an absolute ban on all interceptions. The minority was also concerned that the word 'unreasonable' might be interpreted to allow wiretapping or other eavesdropping practices beyond what is permitted under present law. Some members felt that the present legislation was adequate." 6 Record of Proceedings, Sixth Illinois Constitutional Convention 30-31 (hereinafter cited as Proceedings).

Not only does the Committee Report make it clear that section 6 was not intended to render eavesdropping with one-party consent unconstitutional, but the debates during the constitutional proceedings also clearly indicate that the delegates did not intend that this section would render section 14—2 unconstitutional. 3 Proceedings 1523-1545.

For the reasons stated the judgment of the circuit court of Cook County is reversed and the cause is remanded to that court for further proceedings.

*Reversed and remanded.*

MR. JUSTICE GOLDENHERSH, specially concurring:

I agree that in this particular instance the defendant's expectation of privacy was irrelevant. Equally irrelevant is the statement that "It is the reasonableness of the conduct of the police with which the fourth amendment is concerned, and the same is true with respect to section 6 of article I of the Constitution of Illinois." This case involves no question of the conduct of police officers, and the view expressed was expressly rejected by this court in *People v. Nunn,* 55 Ill.2d 344.