The People of the State of Illinois, Plaintiff-Appellant, *v.* James S. Knight, Jr., Defendant-Appellee.

(No. 12823;

Fourth District—May 1, 1975.

Paul L. Stone, State's Attorney, of Sullivan, for the People.

No appearance for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

The State is appealing the order of the trial court suppressing the audio portion of an audio-visual tape made of the defendant at the Moultrie County jail after his arrest for driving while under the influence of alcohol on October 24, 1973.

The appeal is brought under Supreme Court Rule 604(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)).

The evidence at issue was suppressed by the trial court after a pre-

trial hearing on defendant's motion to suppress, which was brought under section 114—12 of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 114—12), "Motion to Suppress Evidence Illegally Seized."

Since this is the kind of suppression of evidence which Supreme Court Rule 604(a) allows the State to appeal, we have jurisdiction.

The defendant has not answered or filed a brief. In this situation, we may reverse pro forma or consider the cause on its merits. (*People v. Giannopoulos*, 20 Ill.App.3d 338, 314 N.E.2d 237.) We choose to follow the latter course.

Defendant was arrested by Trooper Anthony Walker in the early morning on October 24, 1973. At the hearing on the motion to suppress, Trooper Walker testified that, immediately after the arrest, he recited the *Miranda* warnings from memory. He testified that defendant indicated he understood his rights. Trooper Walker's testimony was corroborated by Rieck Kendall, deputy sheriff of Moultrie County, who was also present at the arrest site. Defendant himself testified that he was informed, at some point prior to his arrival at the jail, that he had a right to remain silent, and that anything he said could be used against him. He also remembered that he was told that he had a right to an attorney, but testified that at the time he did not think he needed one.

After defendant was taken to the Moultrie County jail, he performed some physical tasks and conversed with and responded to the questions of officers present. During this time, defendant was being recorded both by video and audio equipment. Defendant testified at the hearing that he was not aware he was being recorded. The trial court, in its order, found, as a matter of fact, that defendant did not know he was being taped.

The trial court suppressed at the audio portion of the tape upon a finding that defendant's rights under the eavesdropping statute (Ill. Rev. Stat. 1973, ch. 38, par. 14—5), and his constitutional right against self-incrimination had been violated.

Section 14—5 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 14—5) provides that any evidence obtained in violation of the statute is inadmissible in a criminal trial.

Under the prior eavesdropping statute (Ill. Rev. Stat. 1961, pars. 14—1 *et seq.*) as interpreted by our supreme court, evidence obtained by eavesdropping devices could not be used unless the person against whom the evidence was being offered had consented to its recording. *People v. Kurth*, 34 Ill.2d 387, 216 N.E.2d 154.

However, in 1969, the statute was amended by PA 76-1110, § 1, effective August 28, 1969. The statute now reads:

"A person commits eavesdropping when he:

(a) Uses an eavesdropping device to hear or record all or any part of any conversation unless he does so with the consent of any one party to such conversation and at the request of a State's Attorney;" Ill. Rev. Stat. 1973, ch. 38, par. 14—2(a).

It is clear that the statute in its present form permits evidence to be introduced against a person, even if he has not consented to the eavesdropping, if any one other person has consented. *People v. Nahas*, 9 Ill. App.3d 570, 292 N.E.2d 466.

The officer who arrested defendant testified that he was aware of, and consented to, the taping. Consent of a party to the conversation was, therefore, present.

■■ Another requirement to the admissibility of evidence obtained in this matter is a request by the State's attorney. Prior to the incident in question the State's attorney of Moultrie County had ordered that the audio-video equipment was to be used whenever anyon was questioned or tested at the county jail concerning a charge of driving while under the influence.

In *People v. Porcelli*, 25 Ill.App.3d 145, 323 N.E.2d 1, the First District has held that there are standards which must be met in the State's attorney's request for an eavesdropping. In *Porcelli*, a police officer Russell Strutz, testified that he was approached by defendant who offered money if the officers would change a drunk driving report. The officer informed the State's attorney of the bribery attempt, and all further conversations were recorded without defendant's knowledge. The letter from the State's attorney purported to authorize the recording of any conversation between Strutz and any other person for a period of a week, if Strutz consented to the recording.

The court held that this authorization was too broad, both as to who could do the recording, and who could be recorded. The court concluded that this violated the provisions of the Illinois eavesdropping statute. In the case at bar, the authorization of the State's attorney of Moultrie County requested anyone to tape any individual who was arrested for driving while under the influence of alcohol after the recording equipment had been obtained in 1972.

If we were to follow the reasoning of the court as set forth in *Porcelli*, this authorization would obviously fail, since there were even more restrictions present in *Porcelli* which are not present here.

The statute itself does not enunciate any requirements before the State's attorney may request an eavesdropping. In a recent case before the Illinois Supreme Court, the defendant attacked section 14—2 on constitutional grounds:

"The defendant also argues that section 14—2 is unconstitutional under the fourteenth amendment because it violates equal protection and because it does not provide any standards to indicate when it is proper for the State's Attorney to 'request' that eavesdropping take place. It must be borne in mind, however, that the statute has not diminished the defendant's right, but has in fact increased the protection of his rights. Under the *White* [*U.S. v. White* (1971), 401 U.S. 745, 28 L.Ed.2d 453, 91 S.Ct. 1122], decision, in the absence of the eavesdropping statute, one party consent conversations could be recorded solely upon the decision of the police department. Section 14—2 has added the requirement that there must be, in addition to the consent of one of the parties to a conversation, a request from the State's Attorney before recording of the conversation is permitted. The statute's failure to enumerate requirements in addition to the consent of one party does not violate the fourteenth amendment. The office of the State's Attorney has historically involved the exercise of a large measure of discretion in the many areas in which State's Attorneys must act in the performance of their duties in the administration of justice. (*People v. Handley* (1972), 51 Ill.2d 229 at 233.) It does not violate due process to leave with the State's Attorney the decision whether or not to record conversations with the consent of one of the parties to them." *People v. Richardson*, 60 Ill.2d 189, 194-95.

We think it clear that the kind of requirements, similar to those necessary for a search warrant, which the court in *Porcelli* held necessary for a valid authorization, are not mandated by the eavesdropping statute. The authorization for video taping has been limited by the State's attorney to a single type of case. It is apparent that the main purpose is not to obtain testimonial evidence against the defendant, but physical evidence. This was recognized by the parties in the present case when the defendant acknowledged that the video portion of the tape could not be suppressed. See *People v. Fenelon*, 14 Ill.App.3d 622, 303 N.E.2d 38.

■■ Since there was a valid request by the State's attorney and the consent of one of the parties to the conversations and questioning, the audio portion of this tape was not made inadmissible by the eavesdropping statute.

The trial court, in its order, also found that the recording, without the knowledge and consent of the defendant, violated his Federal constitutional right against self-incrimination.

The question on appeal is whether it would be a violation of de-

fendant's constitutional right against self-incrimination for this audio tape to be used against him when he had not consented to being taped and had not been warned that the tapes would be used against him.

The *Miranda* warnings were given to defendant at the site of the arrest, and were not repeated before the questioning at the jail. As the trial court found, it was not necessary to repeat the warnings. *People v. Hill*, 39 Ill.2d 125, 233 N.E.2d 367.

> "The acknowledgment by the defendant that he was acquainted with his rights and his willingness to participate in the tests and questioning manifested an intent to waive his rights as enunciated in *Miranda*." (*People v. Ardella*, 49 Ill.2d 517, 521, 276 N.E.2d 302.

■■ This exact constitutional question was decided by the Illinois Supreme Court in *People v. Ardella*. In that case, the defendant had been arrested for driving while under the influence of alcohol. He was taken to a police station where he was recorded by audio-video equipment. The court states:

> "As to the defendant's rights under the fifth amendment to the Federal constitution he admits that prior to the taping of his responses he had been given his full *Miranda* warnings. However, he contends that he should also have been warned that his responses would be recorded on audio-video tape and that the tape could be used as evidence against him. Such additional warnings were not required. Under the circumstances present the officers who witnessed the responses were competent to testify thereto and to describe the same. Following the rationale in *Lopez* [*Lopez v. United States*, 373 U.S. 427, 10 L.Ed.2d 462, 83 S.Ct. 1381], and *White* [*United States v. White* (1971), 401 U.S. 745, 28 L.Ed.2d 453, 91 S.Ct. 1122] the recorded responses would likewise be competent. These recorded responses were introduced and received into evidence as an aid to the oral testimony which was given by the officers who had witnessed the performance." *People v. Ardella*, 49 Ill.2d 517, 520-521, 276 N.E.2d 302. See also *People v. Fenelon*.

For the reasons expressed above, the order of the trial court suppressing the audio portion of the recording of defendant is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Judgment reversed and remanded.

TRAPP and GREEN, JJ., concur.