THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* RONALD F. KLINGENBERG, Defendant-Appellee.

(No. 75-99;

Second District (1st Division)—December 29, 1975.

William J. Cowlin, State's Attorney, of Woodstock (Daniel A. Mengele-ing, Assistant State's Attorney, of counsel), for the People.

William I. Caldwell, of Woodstock, for appellee.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The defendant was arrested and charged with driving while under the influence of intoxicating liquor in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501). While in custody, the defendant performed various coordination tasks at the request of sheriff's deputies, and an audio-visual recording was made of the defendant's responses, pursuant to the prior written request of the State's Attorney that all such interrogations be video-taped. The defendant moved to suppress the audio-video tape, and, on December 4, 1974, the court concluded that the audio portion of the recording violated the eavesdropping statute (Ill. Rev. Stat. 1973, ch. 38, art. 14), and ordered that the audio portion be suppressed.

The State has taken an interlocutory appeal and contends (1) that the recording of the defendant's voice during an incustodial interroga-tion is not "eavesdropping" within the meaning of the statute and, in the alternative, (2) that, even if such recording were within the statute, the said request of the State's Attorney complies with the requirements of the statutory exception. We agree and therefore reverse the order sup-pressing the audio portion of the recording.

On January 6, 1973, the defendant was arrested and charged with driv-ing while under the influence of intoxicating liquor. (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.) While in custody, the defendant was interviewed

and was requested by sheriff's deputies to perform customary coordination tasks. Pursuant to an earlier written request by the State's Attorney of McHenry County to videotape persons charged with driving while intoxicated, an audio-visual recording was made of the defendant's responses and his performance of the coordination tasks.

Subsequently, the defendant filed a motion to suppress the entire audio-visual recording. In support of this motion, the defendant contended that the recording was made in violation of the eavesdropping statute (Ill. Rev. Stat. 1973, ch. 38, par. 14—2), and that the written request of the State's Attorney did not comply with the requirements of section 14—2(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 14—2(a)). At the hearing on the motion to suppress, the parties entered a stipulation, which stated that after the defendant was arrested, he was videotaped by sheriff's deputies, that the defendant did not consent to the videotaping, and that the matter videotaped consisted of an interview with the defendant and the defendant's performance of customary coordination tasks. The letter from the State's Attorney of McHenry County to the Sheriff of McHenry County, requesting the sheriff to videotape persons arrested for driving while under the influence of intoxicating liquor, was attached to and made part of the stipulation. No further evidence was presented.

On December 4, 1974, the court found that the State's Attorney's written request did not specifically name the defendant and was "a blanket authority to videotape all persons arrested for driving while under the influence of intoxicating liquor," that the written request of the State's Attorney did not comply with section 14—2(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 14—2(a)), and that the audio portion was recorded in violation of article 14 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, art. 14). Consequently, the court ordered the audio portion of the recording suppressed.

On appeal, the State first contends that the recording of the defendant's voice during the in-custodial interrogation is not "eavesdropping" within the meaning of article 14 (Ill. Rev. Stat. 1973, ch. 38, art. 14).

In determining whether the recording of the defendant's responses during an in-custodial interrogation is eavesdropping, we must determine whether the legislature intended to protect this type of communication from interception. The Committee Comments on the Illinois eavesdropping statute state that, "The reason for this legislation has, of course, been to protect the privacy of the individual, * * *." (Committee Comments, Ill. Ann. Stat. ch. 38, art. 14, at 581 (Smith-Hurd 1972).) This stated purpose of the eavesdropping statute conforms with the generally accepted definition of eavesdropping, which is "to listen secretly

to what is said in private." Further, this definition of the term finds support in the common law definition of eavesdropping, which was to stand under the eaves of another home to enable one to hear what was said within the privacy of the home. We also note that throughout the A.B.A. Standards Relating to the Administration of Criminal Justice, Electronic Surveillance, the phrase, "oral communications uttered in private" appears, and the recording of oral communications not within the framework of privacy has been excluded.

After an examination of these sources, we conclude that the framers of the statute intended the term "eavesdropping" to refer to the listening to or recording of those oral statements intended by the declarant to be of a private nature. Eavesdropping is not merely the listening to or recording of any oral communication. Such an over-inclusive definition of the term was not, in our opinion, intended by the General Assembly. Thus, we conclude that the statute was enacted to protect the individual from the interception of communication intended to be private.

■■ In the case at bar, the defendant was in custody when the recording of his response to police interrogation occurred. This was not a recording made during custody of a defendant of communications which the defendant intended to keep from the hearing of law enforcement officials. Rather, the statements of the defendant were made directly to the sheriff's deputies, and were intended by the defendant to be heard by the deputies. Under these circumstances, the defendant had no expectation of privacy, and there was no interception of a private communication. The recording of the defendant's statements was not to obtain information which was otherwise inaccessible. Rather, the recording was made to preserve the in-custodial responses of the defendant in a most reliable manner. Under such circumstances, we cannot conclude that the defendant intended his statements to be of a private nature, and we hold that where there is no interception of communication intended by the declarant to be private, there is no eavesdropping. See *People v. Giannopoulos* (1974), 20 Ill.App.3d 338, 314 N.E.2d 237; *United States v. White* (1971), 401 U.S. 745, 28 L.Ed.2d 453, 91 S.Ct. 1122; *Lopez v. U.S.* (1963), 373 U.S. 427, 10 L.Ed.2d 462, 83 S.Ct. 1381.

Further, in view of the fact that the trial court did not determine the admissibility of the recording based on whether the defendant knowingly and voluntarily waived his in-custodial rights, we note that additional warnings informing the defendant that his responses would be recorded and that the recording could be used as evidence against him were not required. *People v. Ardella* (1971), 49 Ill.2d 517, 520, 276 N.E.2d 302,

In the alternative, the State has argued that even if the recording in this case were within the purview of the eavesdropping statute, the request of the State's Attorney satisfies the requirement of section 14—2(a) (Ill. Rev. Stat. 1973, ch. 38, par. 14—2(a)). While we hold that in the case at bar, no eavesdropping occurred, we note that other courts in similar factual situations have considered the validity of the State's Attorney's request. Consequently, we shall also discuss this contention.

The pertinent provision of the eavesdropping statute states:

"A person commits eavesdropping when he:

(a) Uses an eavesdropping device to hear or record all or any part of any conversation unless he does so with the consent of any one party to such conversation and at the request of a State's Attorney; * * *." Ill. Rev. Stat. 1973, ch. 38, par. 14—2(a).

■■ Under the statute where there is a valid request by a State's Attorney, evidence obtained through eavesdropping may be used against a nonconsenting person, provided another party to the conversation has consented to the recording. (*People v. Richardson* (1975), 60 Ill.2d 189, 328 N.E.2d 260; *People v. Knight* (1975), 28 Ill.App.3d 232, 327 N.E.2d 518; *People v. Nahas* (1973), 9 Ill.App.3d 570; 292 N.E.2d 466.) Thus, the consent requirement is satisfied if one of the law enforcement officials who interviewed the defendant consented to the recording of the interview.

In addition to the consent of one party, the statute requires that a State's Attorney request the use of the eavesdropping device. However, the statute does not provide any standard of specificity for the State's Attorney's request. In this case, the State's Attorney of McHenry County had requested that the Sheriff use audio-visual recording equipment in the examination of all defendants in driving-while-intoxicated cases or related traffic offenses. The trial court ruled that this request was invalid since it lacked specificity. We disagree.

■■ In considering the constitutionality of this provision, which does not provide any guidelines for the State's Attorney's request, the Illinois Supreme Court has stated:

"The defendant also argues that section 14—2 is unconstitutional under the fourteenth amendment because it violates equal protection and because it does not provide any standards to indicate when it is proper for the State's Attorney to 'request' that eavesdropping take place. It must be borne in mind, however, that the statute has not diminished the defendant's rights but has in fact increased the protection of his rights. Under the *White* decision,

in the absence of the eavesdropping statute, one party consent conversations could be recorded solely upon the decision of the police department. Section 14—2 has added the requirement that there must be, in addition to the consent of one of the parties to a conversation, a request from the State's Attorney before recording of the conversation is permitted. The statute's failure to enumerate requirements in addition to the consent of one party does not violate the fourteenth amendment. The office of the State's Attorney has historically 'involved the exercise of a large measure of discretion in the many areas in which State's Attorneys must act in the performance of their duties in the administration of justice.' (*People v. Handley* (1972), 51 Ill.2d 229, 233.) It does not violate due process to leave with the State's Attorney the decision whether or not to record conversations with the consent of one of the parties to them." *People v. Richardson* (1975), 60 Ill.2d 189, 194-195, 328 N.E.2d 260, 263-264.

■■ We note that the Illinois statutory exception to prohibited eavesdropping pertains to situations where one party has consented to the eavesdropping, and does not pertain to eavesdropping to which no party has consented. The request of the State's Attorney is an additional safeguard beyond that which is required by the Federal constitution in situations where one party has consented to the eavesdropping. We conclude that the request of the State's Attorney need not have the type of specificity required by the Federal constitution for eavesdropping to which no party has consented. But see *People v. Porcelli* (1974), 25 Ill.App.3d 145, 323 N.E.2d 1.

■■ In *People v. Knight* (1975), 28 Ill.App.3d 232, 327 N.E.2d 518, the Fourth District Appellate Court held that a State's Attorney's request to use audio-video recording equipment whenever anyone was questioned at the county jail concerning a charge of driving while intoxicated was a valid request under section 14—2(a) (Ill. Rev. Stat. 1973, ch. 38, par. 14—2(a)). There, as in the case at bar, the request of the State's Attorney is limited. In the case at bar, the State's Attorney's request is that the recording equipment be used in the "examination of defendants" in such cases, and therefore, the request does not extend to those who are mere suspects. Rather, the request is valid only as to those who have been arrested for such an offense. Moreover, the request is valid only if the recording device is used during the *examination* of the defendant, and cannot be considered as a valid request under section 14—2(a) (Ill. Rev. Stat. 1973, ch. 38, par. 14—2(a)) for the recording of a defendant during other periods. Further, if the defendant refused to submit to examination, no recording is requested by the State's Attorney. In view of the

foregoing, we conclude that the request of the State's Attorney of McHenry County satisfied the requirements of section 14—2(a) (Ill. Rev. Stat. 1973, ch. 38, par. 14—2(a)).

We therefore reverse the order suppressing the audio portion of the videotape recording.

Reversed.

GUILD, P. J., and SEIDENFELD, J., concur.