Frank BIANCO, John Harkins, John Kochan and Gordon Preuss, Plaintiffs,

v.

AMERICAN BROADCASTING COMPANIES, INC., et al., Defendants.

No. 78 C 2538.

United States District Court,
N. D. Illinois, E. D.

May 3, 1979.

David Apter, Kantor & Apter, Ltd., Elmer Gertz, Chicago, Ill., for plaintiffs.

Anton R. Valukas, Carol R. Thigpen, (D1, 2) Jenner & Block, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

GRADY, District Judge.

Plaintiffs, employees of American Broadcasting Companies, Inc. ("ABC"), brought this four-count complaint against ABC, WLS–TV, which is owned and operated by ABC, and Phil Boyer, General Manager of WLS–TV. Count I alleges a violation of 42 U.S.C. Section 1985(3); Count II alleges that defendants engaged in eavesdropping prohibited by 18 U.S.C. Section 2511; Count III alleges a violation of the Illinois Eavesdropping Statute, Ill.Rev.Stat. ch. 38, Section 14–1 *et seq.;* and Count IV alleges a violation of the Constitution of the State of Illinois. Defendants have moved to dismiss all counts of the complaint.

As television program directors for the WLS–TV television station in Chicago, Illinois, plaintiffs regularly use electronic intercommunication equipment to converse with other technicians engaged in the production of broadcasts and with performers who are subject to plaintiffs' directions. On or about February 15, 1978, defendant Boyer allegedly decided, with other agents and employees of defendants ABC and WLS–TV, to connect electronic eavesdropping equipment to the intercommunication equipment utilized by plaintiffs. Plaintiffs' conversations were allegedly intercepted and recorded by means of such eavesdropping equipment. This practice of defendants was discovered by plaintiffs on April 18, 1978.

*Count I*

█ We do not believe that plaintiffs' complaint states a cause of action under 42 U.S.C. Section 1985(3). That statute provides, in pertinent part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

In the leading case of *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court interpreted Section 1985(3):

> The language requiring intent to deprive of *equal* protection, or *equal* privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all.

*Id.* at 102, 91 S.Ct. at 1798 (emphasis supplied).

We do not believe that discrimination against the "class" of which plaintiffs allege to be members, television directors of WLS–TV, violates Section 1985(3). *Griffin* held only that a class determined by racial characteristics came within the statute's protection. And while the Seventh Circuit has not yet decided whether a non-racial class-based animus meets the *Griffin* requirement, we do not believe that a subgroup of employees of a particular corporation, united only by job classification, is

sufficient. "The class is small and its constituency dependent on circumstances subject to ready change. Its character is quite different from classes based on race, ethnic origin, sex, religion, and political loyalty." *Murphy v. Mount Carmel High School,* 543 F.2d 1189, 1192 n. 1 (7th Cir. 1976) (class of non-union employees).

Plaintiffs' allegations of a conspiracy are also insufficient to allow Count I to stand. The complaint alleges that Phil Boyer, general manager of WLS–TV, conspired "with other agents and employees of defendants ABC and WLS–TV." In *Dombrowski v. Dowling,* 459 F.2d 190, 196 (7th Cir. 1972), the Seventh Circuit held that

> [T]he statutory requirement that "two or more persons . . . conspire or go in disguise on the highway," is not satisfied by proof that a discriminatory business decision reflects the collective judgment of two or more executives of the same firm. . . . [I]f the challenged conduct is essentially a single act of discrimination by a single business entity, the fact that two or more agents participated in the decision or in the act itself will normally not constitute the conspiracy contemplated by [the] statute.

While *Dombrowski* suggests that there may be some circumstances under which a single-firm conspiracy may exist, we believe *Dombrowski* controls the situation where, as here, there is no allegation of a broad policy of discrimination, and where the plaintiffs are challenging what appears to be a specific corporate policy initiated by an employee in the scope of his employment.

Finally, *Griffin v. Breckenridge, supra,* held that a conspiracy to deprive blacks of Constitutional rights does not require an allegation of state action, because the thirteenth amendment of the United States Constitution applies to private citizens as well as governmental bodies. But where the complaint rests upon the fourteenth amendment, which affords protection

against discrimination only if state action is involved, a purely private conspiracy to discriminate is not prohibited by Section 1985(3). *Dombrowski v. Dowling,* 459 F.2d 190, 196 (7th Cir. 1972).

In the present case, plaintiffs' complaint seems to suggest that their freedom of expression was abridged by defendants, in violation of the first, and fourteenth amendments.[1] The guaranties of the first amendment run only against the federal government and, through the fourteenth amendment, against the state. Accordingly, "a section 1985(3) federal cause of action for injury arising out of a purely private conspiracy to interfere with freedom of expression, without state involvement, is not constitutionally supportable." *Murphy v. Mount Carmel High School,* 543 F.2d at 1192.

*Count II*

Count II seeks relief under the Federal Eavesdropping Statute, 18 U.S.C. Section 2511. That statute imposes liability on any person who

> (a) willfully intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire or oral communication; . . . .

18 U.S.C. Section 2510 provides, in pertinent part:

> (2) "oral communication" means any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation;
>
> \*  \*  \*  \*  \*  \*
>
> (4) "intercept" means the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device.

Defendants argue that in light of plaintiffs' statement in their complaint that, "While plaintiffs are performing their aforesaid

---

1. Count I of plaintiffs' complaint alleges only that defendants violated plaintiffs' "rights and privileges as guaranteed by the Constitution of the United States . . . ." Plaintiffs' Memorandum in Opposition to Motion to Dismiss, however, states that "plaintiffs' freedom of expression was abridged here . . . ." (Memorandum at p. 6).

duties [of conversing through the use of electronic intercommunication equipment], defendants personally observe and supervise plaintiffs' job performance without the use of any electronic equipment and with plaintiffs' knowledge," plaintiffs cannot be heard to allege that they had "an expectation that such communication is not subject to interception under circumstances justifying such expectation."

We will deny defendants' motion to dismiss Count II because we are not satisfied that there is sufficient agreement between the parties on the relevant facts to enable us to determine whether defendants may be liable under the eavesdropping statute. Plaintiffs have represented to the court that they will present evidence concerning industry practice, their true expectations, and the nature of their communications, all of which may be relevant to a determination of whether they had the state of mind required to impose liability on defendants. The issue is better decided after a trial on the merits, or at the earliest on a motion for summary judgment after the parties have had an opportunity to conduct discovery.

We note that the federal statute requires only that plaintiffs show that they had no expectation that their communications were being *intercepted through the use of electronic devices.* Thus, we believe that there may be some circumstances where a person does not have an expectation of total privacy, but still would be protected by the statute because he was not aware of the specific nature of another's invasion of his privacy.

*Count III*

Count III alleges a violation by defendants of the Illinois Eavesdropping Statute, Ill.Rev.Stat. ch. 38, Section 14–1 *et seq.* Defendants have moved to dismiss Count III on the grounds that pendent jurisdiction is not proper in this case, that this is an appropriate case for abstention by this court and that Count III fails to state a claim upon which relief may be granted.

Pendent jurisdiction over a state claim may be exercised by a district court

[W]henever there is a claim "arising under [the] . . . Laws of the United States . . . ," and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional "case." The federal claim must have substance sufficient to confer subject matter jurisdiction on the court . . . . The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole.

*United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966) (emphasis supplied) (citations omitted). The same alleged illegal activity of defendants is the basis for plaintiffs' state and federal claims. The claims derive from an identical nucleus of operative fact, and the federal claim is of sufficient substance to confer subject matter jurisdiction on this court. Under the *Gibbs* test, we clearly have power to adjudicate plaintiffs' claims which arise under state law.

Pendent jurisdiction, however, is a doctrine of discretion, not of plaintiffs' right. *Id.* at 726, 86 S.Ct. 1130. Factors which the court should consider include whether state issues predominate and whether trying the state claims with the federal claims will confuse the trier of fact. We do not believe that these factors are present in the instant case. To the contrary, the policy favoring "the conservation of judicial energy and the avoidance of multiplicity of litigation" leads us to conclude that this is an appropriate instance for exercising pendent jurisdiction. *Rosado v. Wyman,* 397 U.S. 397, 405, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970).

Nor do we believe that this is a proper case for judicial abstention. Abstention is

appropriate where "an unconstrued state statute is susceptible of a construction by the state judiciary 'which might avoid in whole or in part the necessity for federal constitutional adjudication, or at least materially change the nature of the problem.'" *Bellotti v. Baird,* 428 U.S. 132, 147, 96 S.Ct. 2857, 2866, 49 L.Ed.2d 844 (1976). This is not a case where a constitutional question may be avoided by a state court construction of a state statute. Nor is this a situation, as was presented in *Yesterday's Children v. Kennedy,* 569 F.2d 431 (7th Cir. 1978), where the state statute at issue has only been considered by one state trial court, in an unreported, unappealed opinion. *See Cassidy v. American Broadcasting Cos., Inc.,* 60 Ill.App.3d 831, 17 Ill.Dec. 936, 377 N.E.2d 126 (1978); *People v. Klingenberg,* 34 Ill.App.3d 705, 339 N.E.2d 456 (1975). Again, the delay and expense to the parties which would result from our abstaining from decision of the state issues here leads us to conclude that it would be unwise to do so.

Finally, we do not believe that Count III may be dismissed for failure to state a claim upon which relief may be granted. In *People v. Klingenberg,* 34 Ill.App.3d 705, 339 N.E.2d 456 (1975), defendant had been arrested for driving while intoxicated. While he was in custody, an audio-visual recording was made of defendant's responses to police interrogation, pursuant to a prior written request of the State's Attorney. The court held that there was no violation of the Illinois Eavesdropping Statute. That statute subjects a person to liability when he:

> Uses an eavesdropping devise to hear or record all or any part of any conversation unless he does so (1) with the consent of all of the parties to such conversation or (2) with the consent of any one party to such conversation and in accordance with Article 108A of the Code of Criminal Procedure of 1963 . . . .

Ill.Rev.Stat. ch. 38, Section 14–2(a). An "eavesdropping device" is defined as:

> Any device capable of being used to hear or record oral conversation whether such conversation is conducted in person, by telephone, or by any other means . . . .

*Id.* Section 14–1(a).

After examining the legislative history of the above provisions, the court in *Klingenberg* concluded that

> [T]he framers of the statute intended the term "eavesdropping" to refer to the listening to or recording of those oral statements intended by the declarant to be of a private nature. . . . [T]he statute was enacted to protect the individual from the interception of communication intended to be private.

339 N.E.2d at 459. *See also, Cassidy v. American Broadcasting Cos., Inc.,* 60 Ill. App.3d 831, 17 Ill.Dec. 936, 940, 377 N.E.2d 126, 130 (1978). In finding that the defendant had no expectation of privacy, the *Klingenberg* court stressed the fact that "the statements of the defendant were made directly to the sheriff's deputies, and were intended by the defendants to be heard *by the deputies.*" 339 N.E.2d at 459 (emphasis added). As we have already noted, in our discussion of Count II, a party may have no expectation of absolute privacy, but still have an expectation of privacy with respect to certain persons. We believe that plaintiffs should have the opportunity to present evidence of their actual state of mind at the time of the alleged eavesdropping.

*Count IV*

◼ Count IV seeks damages under Article I, Section 6 of the Illinois Constitution, which provides:

> The people shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means. No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized.

Defendants have moved to dismiss Count IV for lack of pendent jurisdiction, because abstention is proper, and because it fails to

state a claim upon which relief may be granted. With regard to this last ground, defendants assert that Section 6 applies only to interceptions of communications by the State.

An argument can be made for our declining to exercise pendent jurisdiction over Count IV. No state court has decided the question of whether Section 6 applies to eavesdropping by private individuals. On the other hand, plaintiffs should not have to split their cause of action between the federal and state courts, when all of plaintiffs' claims arise out of the same facts. Therefore, we will consider Count IV.

Section 6 of Article I of the Illinois Constitution closely parallels the fourth amendment to the United States Constitution.[2] The fourth amendment, of course, is a constraint on government action rather than the actions of private individuals. *See, e. g., Burdeau v. McDowell*, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921). The fourth amendment, however, does not contain any provision relating to eavesdropping. This concept was included in Section 6 "to create a minimum guarantee against governmental interceptions of communications." Sixth Illinois Constitutional Convention, Verbatim Transcript of June 4, 1970, p. 1524. The discussion preceding adoption of this new constitutional provision at the Constitutional Convention supports the view that it does not apply to private action. For example, Mr. Dvorak, a member of the Convention's Bill of Rights Committee, referring to Article I, Section 6, stated:

This section doesn't apply to private circumstances between private individuals. It applies to governmental activities in regards to private individuals.

\*    \*    \*    \*    \*    \*

This provision has nothing in the world to do with any action by individual against individual unless the individual happens to be part of the apparatus of the state. Sixth Illinois Constitutional Convention, Verbatim Transcript of June 4, 1970, p. 1524. *See also*, remarks of Mr. Elward, June 11, 1970, pp. 1737–38.

We are unpersuaded by plaintiffs' argument that the adoption of Article I, Section 12 of the Illinois Constitution following the adoption of Article I, Section 6, requires an interpretation of the latter which would cover private action. Article I, Section 12 provides:

Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly.

Rather than supporting plaintiffs' argument, we believe the existence of Section 12 indicates that a provision was deemed necessary to cover those instances of individual invasion of privacy, through wiretaps or other means, that would not be covered by Section 6. Thus, the following exchange took place at the Constitutional Convention:

Mr. Linn—Had you considered providing for some constitutional protection against invasions of privacy on an individual-to-individual basis?

Mr. Dvorak—It was section 19[3] that has been interpreted, in some instances, to provide for remedies in those instances.

In conclusion, we hold that Article I, Section 6 of the Illinois Constitution is a limitation only on governmental activity. We note that there are no reported cases in which Section 6 has been used to limit the eavesdropping activities of private citizens.

---

**2.** "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." United States Constitution, Amendment IV.

**3.** Section 12 of the Illinois Constitution of 1970 incorporates the guarantees contained in Section 19 of Article II of the Illinois Constitution of 1870. Section 19 provided: "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive in his person, property or reputation; he ought to obtain, by law, right and justice freely, and without being obliged to purchase it, completely and without denial, promptly, and without delay."

Defendants' motion to dismiss Counts I and IV of plaintiffs' complaint is granted. The motion to dismiss Counts II and III is denied.