DAVID A. BENDER, Plaintiff-Appellant, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE VILLAGE OF DOLTON et al., Defendants-Appellees.

First District (3rd Division)   No. 1—87—3262

Opinion filed May 10, 1989.—Rehearing denied June 21, 1989.

Stanley H. Jakala, of Berwyn, for appellant.

Timothy J. Szwed, of Gasperec & Szwed, Ltd., of Homewood, for appellees.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, David Bender, brought a complaint for judicial review of the final administrative decision of defendant, the Board of Fire and Police Commissioners of the Village of Dolton, to discharge plaintiff from his position as a Dolton police officer. The circuit court of Cook

County affirmed defendant's decision. Plaintiff appeals.

On March 3, 1986, plaintiff, who was on duty, had a conversation with the Dolton chief of police, George Pfotenhauer, in the latter's office at the Dolton police station. At that time, Pfotenhauer asked plaintiff some questions regarding his overtime and his ownership or operation of a security company. During their conversation, a cassette tape recorder which plaintiff had in his vest pocket made a beeping sound. According to Pfotenhauer, he then asked plaintiff whether he was recording their conversation. Plaintiff admitted he was and Pfotenhauer demanded that plaintiff surrender the tape. Plaintiff contended at the administrative hearing that he had not recorded his conversation with Pfotenhauer. However, on appeal, he does not dispute that he did so or that he refused Pfotenhauer's order to surrender the tape.

Pfotenhauer filed charges with defendant alleging plaintiff's violation of article 4, sections 2.1, prohibiting the violation of a criminal law, and 2.2, prohibiting the disobedience of a lawful order, of the rules and regulations of the Dolton police department. The first charge alleged a violation of section 14–2 of the Criminal Code of 1961, which prohibits eavesdropping. (Ill. Rev. Stat. 1985, ch. 38, par. 14–2.) The second charge alleged plaintiff's disobedience of Pfotenhauer's order to surrender the cassette tape. After an evidentiary hearing, defendant found plaintiff guilty of both charges. Regarding the first charge, defendant specifically found that plaintiff had committed the offense of eavesdropping in that he knowingly used an eavesdropping device to record all or part of his conversation with Pfotenhauer without Pfotenhauer's consent. Defendant thus found that cause existed to discharge plaintiff from the police department.

In the circuit court, the parties argued, *inter alia*, whether *People v. Beardsley* (1986), 115 Ill. 2d 47, 503 N.E.2d 346, was retroactively applicable to exonerate plaintiff's conduct of recording the conversation with Pfotenhauer. The trial court decided that *Beardsley* was not retroactively applicable to plaintiff's case on the basis of *Reich v. Board of Fire & Police Commissioners* (1973), 13 Ill. App. 3d 1031, 301 N.E.2d 501, and therefore affirmed plaintiff's discharge.

*Beardsley* held, in relevant part, that the eavesdropping statute did not prohibit the recording of a conversation by a party to the conversation. (*People v. Beardsley* (1986), 115 Ill. 2d 47, 56, 503 N.E.2d 346.) In *Reich*, the plaintiff police officer challenged his discharge for violating the statute prohibiting possession of marijuana on the ground that the statute was subsequently found unconstitutional. In rejecting the challenge, the *Reich* court held that retroactive application of the unconstitutionality of a statute must be limitedly applied. It also held

that, as the statute was an operative fact when plaintiff was charged with its violation, he was bound to have obeyed it at that time. *Reich v. Board of Fire & Police Commissioners* (1973), 13 Ill. App. 3d 1031, 1035, 301 N.E.2d 501.

Opinion

■■ Before proceeding to the merits of this appeal, we must determine the standard of review applicable to it. Defendant asserts that its findings and conclusions of fact must be considered *prima facie* true and correct and cannot be reversed unless against the manifest weight of the evidence. (See, *e.g., Collura v. Board of Police Commissioners* (1986), 113 Ill. 2d 361, 498 N.E.2d 1148.) However, we believe that defendant's final administrative decision ultimately depended on a legal conclusion that plaintiff's act of recording his conversation with Pfotenhauer constituted a violation of the eavesdropping statute, not on its finding that he did, in fact, record that conversation. It is well settled that a court of review is not bound by an administrative agency's conclusions of law, such as the construction of a statute. *Chemetco, Inc. v. Pollution Control Board* (1986), 140 Ill. App. 3d 283, 488 N.E.2d 639.

On appeal, plaintiff contends that, assuming that he did record the conversation with Pfotenhauer, such conduct did not constitute eavesdropping as a matter of law. In support, he cites *People v. Klingenberg* (1975), 34 Ill. App. 3d 705, 339 N.E.2d 456.[1] *Klingenberg* held that the videotaping of an interrogation after a drunk driving arrest did not violate the eavesdropping statute despite the fact that the defendant did not consent to it. The court reasoned that, since the defendant made his statements directly to the police and intended that they hear his statements, he had no expectation of privacy therein, there was no interception of a private communication, and the recording was not intended to obtain otherwise inaccessible information. *Klingenberg*, 34 Ill. App. 3d at 708.

Defendant does not directly respond to plaintiff's reliance on *Klingenberg*. Indirectly doing so, it argues that, assuming plaintiff did not commit the offense of eavesdropping, there is, nonetheless, a reasonable expectation of privacy in a superior's conversation with an employee that prohibits the repetition of their communications. This is especially true, defendant argues, in law enforcement, where confidential

---

[1]Plaintiff relies on *Klingenberg* to argue that defendant's decision was against the manifest weight of the evidence. However, we find that, if applicable here, *Klingenberg* requires a conclusion that defendant's decision was contrary to the law.

matters are routinely discussed and expected to remain undisclosed. Given that they occurred in the office of the chief of police while plaintiff was on duty, defendant concludes, there must be an expectation of privacy accorded the communications between plaintiff and Pfotenhauer.

We find defendant's attempt to distinguish *Klingenberg* unavailing. Because we conclude that *Klingenberg* controls this case, we need not address whether *Beardsley* is retroactively applicable to it.

■ Defendant's defense of plaintiff's discharge on the ground that, even assuming he did not commit eavesdropping, he nonetheless violated Pfotenhauer's reasonable expectation of privacy in their conversation is flawed for several reasons.

The first is that, if plaintiff did not commit eavesdropping, he did not violate any criminal law of the State of Illinois. If he did not violate any criminal law, he did not violate article 4, section 2.1, of the rules and regulations of the Dolton police department. If he did not violate that provision, there was no basis for charging a violation of article 4, section 2.2., thereof. Therefore, he should not have been discharged.

The second reason defendant's argument is flawed is that plaintiff *was* charged with committing the criminal offense of eavesdropping and not merely with violating or breaching a superior's reasonable expectation of privacy in confidential communications.

The third reason the argument is flawed is that, while conceding that plaintiff did not commit eavesdropping, it asserts that he committed what is the basis of that offense, *i.e.*, a breach of privacy. The generally accepted definition of eavesdropping is "to listen secretly to what is said in private." (*People v. Klingenberg* (1975), 34 Ill. App. 3d 705, 707-08, 339 N.E.2d 456.) The statute prohibiting eavesdropping is thus intended to protect the privacy of the individual. (*Klingenberg*, 34 Ill. App. 3d at 707.) Defendant, therefore, cannot logically concede that plaintiff did not commit eavesdropping and simultaneously assert that he violated Pfotenhauer's privacy.

■ On a more fundamental level, defendant's argument evinces a misunderstanding of the privacy interest which the prohibition against eavesdropping protects. As we read the case, *Klingenberg* was based, at bottom, on the fact that the same individuals to whom the defendant directed his statements and by whom he intended that they be heard recorded them. *Klingenberg* thus stands for the general principle that no eavesdropping occurs where an individual to whom statements are made or directed records them, even without the knowledge or consent of the person making the statements, because the declarant does not intend to keep his statements private *vis-a-vis* that individual.

Although we have found it unnecessary to decide whether *Beardsley* is retroactively applicable here, *Beardsley* is nonetheless noteworthy because it relies on and discusses *Lopez v. United States* (1963), 373 U.S. 427, 10 L. Ed. 2d 462, 83 S. Ct. 1381, which the *Klingenberg* court cited in holding that no eavesdropping occurs absent interception of a communication intended by the declarant to be private. (*People v. Klingenberg* (1975), 34 Ill. App. 3d 705, 708, 339 N.E.2d 465.) *Lopez* involved a revenue agent's recording of a bribery attempt with a pocket recorder. In rejecting the defendant's fourth amendment challenge to the admissibility of the recording, the U.S. Supreme Court concluded that the government did not use the recorder to listen in on conversations it could not otherwise have heard, but only to obtain the most reliable evidence of a conversation which involved a government agent and which he was therefore fully entitled to disclose. *People v. Beardsley* (1987), 115 Ill. 2d 47, 55-56, 503 N.E.2d 346.

Like the police officers in *Klingenberg* and the revenue agent in *Lopez*, plaintiff did not use his pocket recorder to listen in on a conversation he could not otherwise have heard. As such, he did not commit eavesdropping in recording his conversation with Pfotenhauer. It therefore follows, *a fortiori*, that plaintiff did not violate article 4, section 2.1 or section 2.2. of the rules and regulations of the Dolton police department. With regard to the latter, the only legitimate basis which Pfotenhauer could have for ordering plaintiff to surrender the tape was his alleged violation of the eavesdropping statute. As he committed no such violation, Pfotenhauer had no right to the tape.

Finally, the fact that this is a civil case, unlike *Klingenberg* and *Lopez*, does not make the rationale of those cases inapplicable here. In *Cassidy v. American Broadcasting Cos.* (1978), 60 Ill. App. 3d 831, 377 N.E.2d 126, a police officer sought damages for a tortious invasion of privacy predicated on the alleged offense of eavesdropping by a television news camera crew which filmed him with a massage parlor model. Relying upon *Klingenberg*, the court held that the plaintiff had no expectation of privacy since he had been told by the model that they were being filmed and since he intended that whoever was operating the camera film his conduct with her. *Cassidy*, 60 Ill. App. 3d at 836.

For all of the foregoing reasons, the judgment of the circuit court is reversed and judgment is entered for plaintiff.

Reversed.

RIZZI and WHITE, JJ., concur.