THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JEFFREY A. HERRINGTON, Defendant-Appellee.

Fourth District   No. 4—93—0220

Argued August 18, 1993.—Opinion filed October 14, 1993.

Scott H. Walden, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and Beth McGann (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

J. Devin Cashman (argued), of Schnack, Schnack & Cashman, of Quincy, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

The Quincy police department (QPD) tape-recorded a telephone conversation between a 16-year-old alleged victim of aggravated criminal sexual abuse and defendant. The trial court granted defendant's motion to suppress the tape recording and a transcript of that conversation and the State appeals. We affirm.

On October 31, 1992, the QPD tape-recorded a telephone conversation between defendant and the alleged victim. The conversation took place on a telephone located at the police station and police equipment was used to record it. This was done at the request of the QPD. The alleged victim consented to the conversation being recorded; however, defendant was unaware that the conversation was being taped. The recording device only recorded the conversation, it did not transmit it to any other party. The QPD had no court order authorizing the tape recording and the State admitted there was no emergency situation.

Defendant was arrested later that evening and charged with three counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1991, ch. 38, par. 12—16(d)), and one count of unlawful delivery of alcoholic liquor to a minor (Ill. Rev. Stat. 1991, ch. 43, par. 131(a)).

On January 12, 1993, defendant filed a motion to suppress, alleging the tape recording of his telephone conversation between himself and the alleged victim was made in violation of the Illinois eavesdropping statute (Ill. Rev. Stat. 1991, ch. 38, par. 14—1) and the fourth and fifth amendments to the United States Constitution (U.S. Const., amends. IV, V). Following a hearing, the trial court granted defendant's motion, declining to extend the doctrine enunciated in *People v. Beardsley* (1986), 115 Ill. 2d 47, 503 N.E.2d 346, to the facts of the case. The trial court found defendant had a rea-

sonable expectation of privacy in his conversation with the alleged victim and the police had time to go through the proper channels to get a court order authorizing the overhear. The trial court suppressed the recording and the transcript of the conversation. However, the trial court also concluded the alleged victim would be able to testify at trial regarding the contents of the conversation.

The State's motion to reconsider was denied. It then filed a certification of intent to appeal pursuant to Supreme Court Rule 604(a)(1) (134 Ill. 2d R. 604(a)(1)), stating the order of the trial court suppressing the evidence had substantially impaired its ability to prosecute the case and it was the State's intent to appeal the trial court's order.

A reviewing court will not disturb a trial court's finding on a motion to suppress unless that finding is manifestly erroneous. *People v. Williams* (1991), 147 Ill. 2d 173, 209, 588 N.E.2d 983, 994-95; *People v. Pittman* (1991), 216 Ill. App. 3d 598, 602, 575 N.E.2d 967, 969.

Initially, we note defendant could have brought a motion to suppress pursuant to section 108A—9 of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 108A—9) on the grounds that the telephone conversation was unlawfully overheard and recorded. Section 108A—3 of the Code (Ill. Rev. Stat. 1991, ch. 38, par. 108A—3) provides the procedure for obtaining judicial approval of the use of an eavesdropping device where any one party to a conversation to occur in the future has consented to the use of an eavesdropping device to overhear or record the conversation. Here, the victim had so consented but the QPD made no attempt to comply with any of these procedures. The use of eavesdropping devices by law enforcement officials for the purpose of obtaining evidence of criminal activity only becomes lawful when the legislatively mandated procedures for securing the authorization of the use of such devices have been fully complied with, and a failure to comply with the required procedures renders the use of the device unlawful. (*People v. Evans* (1979), 78 Ill. App. 3d 996, 999, 398 N.E.2d 326, 329.) Accordingly, section 108A—9 of the Code provides an alternate basis for affirming the trial court. However, since the parties focused their attention on the eavesdropping statute and *Beardsley*, we will limit our discussion to these arguments.

The State contends that (1) since one of the two parties to the telephone conversation consented to the tape recording, the suppression order was improperly entered and should be reversed; and (2) the supreme court's decision in *Beardsley* is controlling.

■■ The Illinois eavesdropping statute provides in pertinent part:

"A person commits eavesdropping when he:
(a) Uses an eavesdropping device to hear or record all or any part of any conversation unless he does so (1) with the consent of all of the parties to such conversation or (2) in accordance with Article 108A or Article 108B of the 'Code of Criminal Procedure of 1963', approved August 14, 1963, as amended." (Ill. Rev. Stat. 1991, ch. 38, par. 14—2(a).)

An "eavesdropping device" is defined as any device capable of being used to hear or record oral conversation. Ill. Rev. Stat. 1991, ch. 38, par. 14—1(a).

In *Beardsley*, defendant was stopped by an officer of the McHenry County sheriff's department for speeding. Defendant refused to produce his driver's license and demanded to speak to his attorney. As the officer stood near the rear of defendant's automobile, he noticed defendant had a small microphone in his left hand. The officer asked defendant to stop recording because he had not given consent to record any conversation. Defendant responded that it was legal for him to record the conversation as long as he consented to the recording. The officer informed defendant he could possibly be charged with eavesdropping.

The officer, after defendant again refused to produce his driver's license, performed a custodial search and placed defendant in the squad car. Another officer arrived at the scene and both officers sat in the front seat of the squad car with defendant in the backseat while they waited for a tow truck. The officers had a conversation at this time which defendant tape-recorded. The officers testified neither of them had given consent to the tape recording and both were unaware that defendant was taping the conversation. *Beardsley*, 115 Ill. 2d at 49, 503 N.E.2d at 347-48.

A jury found defendant guilty of speeding and eavesdropping. He appealed, contending that because he participated in the conversation with the officers, there was no reasonable expectation of privacy in the conversation and, therefore, he was improperly charged with eavesdropping. The appellate court disagreed and concluded he was properly charged with eavesdropping. Defendant appealed to the supreme court, which was presented with the sole issue of whether his conduct in recording the conversation between the officers constituted eavesdropping within the meaning of the eavesdropping statute. The court first noted that it agreed with defendant that the eavesdropping statute was intended to protect

individuals from the surreptitious monitoring of their conversations by the use of eavesdropping devices. The statute was based on the assumption that if the parties to a conversation act under circumstances which entitle them to believe that the conversation is private and cannot be heard by others who are acting in a lawful manner, then they should be protected in their privacy. *Beardsley*, 115 Ill. 2d at 53, 503 N.E.2d at 349-50.

The court found no violation of the eavesdropping statute occurred when defendant recorded the conversation between the two officers in the squad car. The court stated:

"The primary factor in determining whether the defendant in this case committed the offense of eavesdropping is not, as the appellate court reasoned, whether all of the parties consented to the recording of the conversation. *Rather, it is whether the officers/declarants intended their conversation to be of a private nature under circumstances justifying such expectation.* The evidence at trial established that, while waiting for the tow truck, Deputy Page and Sergeant Hunt sat in the front seat of Deputy Page's squad car and conversed. As they spoke, the defendant, who was sitting in the rear seat of the squad car, recorded their conversation. According to the officers' testimony, neither one of them gave the defendant his consent to record their conversation. The officers also indicated that they did not know the defendant was taping their conversation. However, it seems logical that if the officers intended their conversation to be entirely private, then they would have left the squad car instead of carrying on their conversation in the defendant's presence. Thus, under the circumstances, the officers cannot be heard to allege that they intended their conversation to be private. Because there was no surreptitious interception of a communication intended by the declarants to be private, secret, or confidential, under circumstances justifying such expectation, there was no violation of the eavesdropping statute." (Emphasis added.) *Beardsley*, 115 Ill. 2d at 54-55, 503 N.E.2d at 350.

The court then went on to discuss *Lopez v. United States* (1963), 373 U.S. 427, 439, 10 L. Ed. 2d 462, 470, 83 S. Ct. 1381, 1388. That case involved a defendant who made an unsolicited offer of money to a revenue agent for the purpose of obtaining his assistance in concealing certain tax liability. The revenue agent was equipped with a pocket wire recorder which was used to record the defendant's statements. The defendant's pretrial motion to suppress

the recording was denied and both the testimony of the agent relating to the conversation and the recording were admitted into evidence. The United States Supreme Court held there was no fourth amendment violation such as to render the evidence inadmissible. The court noted the government only used the electronic device to obtain the most reliable evidence possible of a conversation in which the government's own agent was a participant and which that agent was fully entitled to disclose and did not use the electronic device to listen in on a conversation it could not have otherwise have heard. Under the rationale of *Lopez*, the supreme court in *Beardsley* noted: "[C]learly our eavesdropping statute should not prohibit the recording of a conversation by a party to that conversation or one known by the parties thereto to be present." *Beardsley*, 115 Ill. 2d at 56, 503 N.E.2d at 351.

The court in *Beardsley* concluded that defendant's recording of the officers' conversation was not to obtain information which was otherwise inaccessible and, under the reasoning set forth in *Lopez*, if the fourth amendment were applicable, the officers in this case could not claim a constitutionally protected expectation of privacy in their conversation. Defendant could have made notes or transcribed the conversation between the officers and testified concerning it. Instead of immediately transcribing the conversation, however, defendant simultaneously recorded it with electronic equipment. Thus, the court concluded "there was no listening secretly to what was said in private, no surreptitious interception of a private conversation, and no violation of the statutory prohibition against eavesdropping." *Beardsley*, 115 Ill. 2d at 58-59, 503 N.E.2d at 352.

■ The eavesdropping statute was intended to protect individuals from the *surreptitious* monitoring of their conversation by the use of eavesdropping devices. The statute was based on the assumption that if the parties to a conversation act under circumstances which entitle them to believe that the conversation is private and cannot be heard by others who are acting in a lawful manner, then they should be protected in their privacy. It is difficult to imagine a more clear-cut factual scenario than that presented here where a person has an expectation of privacy in his telephone conversation; it is reasonable to assume that defendant intended his conversation with the alleged victim to be private and not to be overheard by anybody else, especially the QPD. The factual situation here is vastly different than that in *Beardsley* where the officers talked in front of the defendant knowing he previously had a tape recorder

which they had not taken away from him. Here, defendant had no way of knowing the QPD, an unseen third party, was taping his conversation.

We find this distinction critical. In *Beardsley*, the police officers could not have reasonably believed their conversation to be of a private nature. They carried on their conversation in the squad car, while defendant had a tape recorder that he had previously used. As the court noted, had they intended their conversation to be entirely private, they could have left the squad car. Since they did not do so, the court concluded there was no surreptitious interception of a communication intended by the declarants to be private, secret or confidential.

By contrast, defendant here spoke to the victim totally unaware of the fact that the conversation was being tape-recorded. He certainly could reasonably believe his conversation was private and not secretly being listened to by the QPD. Accordingly, because of the surreptitious nature of the tape recording, which was absent in *Beardsley*, and defendant's intent that the conversation be private, which was justifiable under the circumstances, we find *Beardsley* distinguishable. To extend *Beardsley* to the facts of this case would completely gut the protections provided in the eavesdropping statute.

In conclusion, the trial court's suppression order was not manifestly erroneous. The QPD surreptitiously monitored a conversation which defendant was entitled to believe was private, and did so not to preserve a more accurate record of the conversation to which it was a known party, but to hear and preserve one it could not otherwise have heard. Therefore, the trial court did not err in suppressing the tape recording and the transcription of that recording. (See Ill. Rev. Stat. 1991, ch. 38, par. 14—5.) The judgment of the circuit court of Adams County is affirmed.

Affirmed.

STEIGMANN, P.J., and KNECHT, J., concur.