(No. 76453.—

## THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JEFFREY A. HERRINGTON, Appellee.

*Opinion filed December 22, 1994.—Rehearing denied January 30, 1995.*

BILANDIC, C.J., joined by McMORROW, J., dissenting.

Roland W. Burris, Attorney General, of Springfield, and Scott H. Walden, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, Charles F. Mansfield and Beth McGann, of the Office of the State's Attorneys Appellate Prosecutor, of Springfield, of counsel), for the People.

J. Devin Cashman, of Schnack, Schnack & Cashman, of Quincy, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

The defendant, Jeffrey Herrington, was charged by information on October 31, 1992, with three counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1991, ch. 38, par. 12—16(d)) and one count of unlawful delivery of alcoholic liquor to a minor (Ill. Rev. Stat. 1991, ch. 43, par. 131(a)). Following a hearing in the circuit court of Adams County, the trial court granted the defendant's motion to suppress a recording and transcripts of statements made by defendant to the alleged victim which were recorded by the Quincy police department. The trial court held that the tape recording violated the Illinois eavesdropping statute (Ill. Rev. Stat. 1991, ch. 38, par. 14—1 *et seq.*). The appellate court affirmed. (252 Ill. App. 3d 63.) We granted the State leave to appeal pursuant to Supreme Court Rule 315 (145 Ill. 2d R. 315) and now reverse.

The incident for which defendant was charged took place on October 24, 1992. On October 31, 1992, the alleged victim called defendant at his place of employment from the Quincy police department. The alleged victim placed this call at the request of the Quincy police department. The police recorded the conversation with the consent of the alleged victim. The defendant, however, was unaware that the conversation was being recorded. The recording equipment used was owned by the police department. The conversation was not

transmitted to any other party. There was no court order authorizing the tape recording nor did this recording occur under emergency circumstances.

On January 12, 1993, the defendant filed a motion to suppress the recording and corresponding transcript. The defendant argued, *inter alia*, that the recording was made in violation of the Illinois eavesdropping statute. The trial court subsequently agreed and granted defendant's motion to suppress the transcript and recording.

The Illinois eavesdropping statute states in relevant part that "[a] person commits eavesdropping when he: (a) [u]ses an eavesdropping device to hear or record all or any part of any conversation unless he does so (1) with the consent of all of the parties to such conversation or (2) in accordance with Article A or Article 108B of the 'Code of Criminal Procedure of 1963.' " (Ill. Rev. Stat. 1991, ch. 38, par. 14—2(a).) An eavesdropping device is defined as "any device capable of being used to hear or record oral conversation whether such conversation is conducted in person, by telephone, or by any other means." Ill. Rev. Stat. 1991, ch. 38, par. 14—1(a).

This court interpreted the above statute in *People v. Beardsley* (1986), 115 Ill. 2d 47. In *Beardsley*, the defendant was stopped for speeding. The defendant repeatedly refused to produce a driver's license. Defendant was placed in the back of a squad car and subsequently arrested. While waiting for a tow truck, defendant recorded the conversation of two policemen who were seated in the front seat of the car. The policemen testified that they were unaware that defendant was recording their conversation despite the fact that they knew defendant had a tape recorder. The trial court convicted defendant of violating the eavesdropping statute. The appellate court affirmed. This court reversed the appellate court, holding that the eavesdropping stat-

ute should not prohibit the recording of a conversation by a party to that conversation or one known by the parties thereto to be present. *Beardsley*, 115 Ill. 2d at 56.

Our court in *Beardsley* relied on the reasoning in *Lopez v. United States* (1963), 373 U.S. 427, 10 L. Ed. 2d 462, 83 S. Ct. 1381. In *Lopez*, an IRS agent recorded the defendant offering money to him in exchange for concealing a certain tax liability. The Supreme Court found that the recording did not constitute eavesdropping whatever in any proper sense of that term. The Court held further that the government did not use the electronic device to listen in on conversations it could not otherwise have heard but only to obtain the most reliable evidence possible of a conversation in which the government's own agent was a participant and which that agent was fully entitled to disclose.

In *Beardsley,* this court explained the rationale applied in *Lopez*. The court held that a party to a conversation should not be restricted in repeating or testifying to what was said to him. The recording of a conversation by a party to that conversation was simply a means of preserving a more accurate account of what he had heard. Therefore, there can be no invasion of an "expectation of privacy" when a party to a conversation makes a recording of that conversation. *Beardsley*, 115 Ill. 2d at 56.

The defendant in the present case argues that he had a reasonable belief that the conversation between him and the alleged victim was private. We disagree. As stated above, there can be no expectation of privacy by the declarant where the individual recording the conversation is a party to that conversation. (*Beardsley*, 115 Ill. 2d at 56.) We agree with the appellate court's statement in *Bender v. Board of Fire & Police Commissioners* (1989), 183 Ill. App. 3d 562, 565, that "no

eavesdropping occurs where an individual to whom statements are made or directed records them, even without the knowledge or consent of the person making the statements, because the declarant does not intend to keep his statements private *vis-a-vis* that individual."

In the present case, the alleged victim who was a party to the conversation consented to its recording. This recording enabled the alleged victim to preserve a more accurate record of the conversation. The alleged victim did not listen to or record a conversation she could not otherwise have heard. The statements were not transmitted to another party in violation of section 108A—1 *et seq.* of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1991, ch. 38, par. 108A—1 *et seq.*). Following *Beardsley*, we hold that the recording did not violate the Illinois eavesdropping statute, which allows the recording of a conversation by a party to that conversation.

The recording and corresponding transcript should not have been suppressed. The judgments of the appellate and circuit courts are therefore reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Judgments reversed;*
*cause remanded.*

CHIEF JUSTICE BILANDIC, dissenting:

"The right to be let alone is indeed the beginning of all freedom." (*Public Utilities Comm'n v. Pollak* (1952), 343 U.S. 451, 467, 96 L. Ed. 1068, 1080, 72 S. Ct. 813, 823 (Douglas, J., dissenting).) This sentiment was adopted by the drafters of the Illinois Constitution, which provides, "The people shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable *** *invasions of privacy or interceptions of communications by eavesdropping devices* or other means." (Emphasis added.) (Ill.

Const. 1970, art. I, § 6.) The majority disregards this constitutional right to privacy.

Additionally, the majority omits to inform an unwary citizenry of what I believe to be a logical conclusion to its flawed reasoning. The majority opinion should require that every telephone be labeled: "WARNING, your telephone conversation may be recorded without your knowledge or consent. Use at your own peril." This warning should be required because the majority erroneously interprets the plain language of the Illinois eavesdropping statute (Ill. Rev. Stat. 1991, ch. 38, par. 14—2(a)). Therefore, I respectfully dissent.

The Illinois eavesdropping statute provides that it is unlawful to record a conversation using an "eavesdropping device" without the "consent of *all* of the parties to such conversation." (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 38, par. 14—2(a).) A tape recorder is an eavesdropping device. (Ill. Rev. Stat. 1991, ch. 38, par. 14—1(a).) Pursuant to the plain and clear language of the statute, the legislature has directed that *all* parties to a conversation must consent before recording a conversation. This requirement was not satisfied in the instant case since only the alleged victim and not the defendant consented to the recording of the conversation. In fact, the defendant was completely unaware that his conversation was being recorded by the police. Therefore, this recording constituted a clear violation of the Illinois eavesdropping statute.

The majority opinion relies on *People v. Beardsley* (1986), 115 Ill. 2d 47, to circumvent the intention of the legislature as expressed in the language of the statute. In *Beardsley*, the defendant was placed in the rear seat of a police car after being stopped for speeding and refusing to produce his driver's license. Prior to being placed in the police car, the police officers observed the defendant carrying a small tape recorder. While sitting

in the rear seat of the police car, the defendant recorded the conversation of two police officers who were seated in the front seat of the car. In addressing whether the defendant violated the eavesdropping statute, the court stated that the eavesdropping statute is intended to protect individuals from the surreptitious monitoring of their conversations by the use of eavesdropping devices. (*Beardsley*, 115 Ill. 2d at 53.) According to the court, the eavesdropping statute is aimed at conduct which involves listening in secret to what is said in private. (*Beardsley*, 115 Ill. 2d at 58.) Applying this analysis to the facts in *Beardsley*, the court found that the defendant did not violate the eavesdropping statute. The court in *Beardsley* specifically noted that, by carrying on their conversation in the defendant's presence, the officers could not have intended their conversation to be private. (*Beardsley*, 115 Ill. 2d at 55.) Moreover, the defendant in *Beardsley* did not surreptitiously record the officers' conversation since the officers knew that the defendant had the tape recorder at the time they carried on their conversation. In view of all of these circumstances, the court in *Beardsley* in essence found that the officers gave their *implied consent* to the recording of their conversation by the defendant.

The same reasoning cannot be applied to the facts in this case. The defendant here did not expressly or impliedly consent to the recording of his conversation with the alleged victim. The defendant was not aware of the police officers' presence at the time he conversed with the alleged victim, nor did he know that they were recording his conversation. Instead, the defendant was under the assumption that his conversation with the alleged victim was private. Thus, the facts of this case, unlike those in *Beardsley*, demonstrate that the police recorded a conversation without the consent of *all* the parties to the conversation in violation of the eavesdropping statute.

Despite the factual disparity between this case and *Beardsley*, the majority opinion nevertheless relies on *Beardsley* as support for its conclusion that the disputed recording did not violate the eavesdropping statute. Specifically, the majority relies upon a statement made in *Beardsley* that "our eavesdropping statute should not prohibit the recording of a conversation by a party to that conversation or one known by the parties thereto to be present." (Emphasis omitted.) (*Beardsley*, 115 Ill. 2d at 56.) This statement, which suggests that the consent of *one* party to a conversation is sufficient under the eavesdropping statute, stands in direct conflict with the express language of the statute itself, which clearly requires the consent of all parties to a conversation before a recording is permissible. To the extent that *Beardsley* suggests that the consent of one but not all parties to a conversation is sufficient under the eavesdropping statute, that holding was wrong and should be repudiated. (See *Beardsley*, 115 Ill. 2d at 59 (Simon, J., specially concurring).) The majority opinion perpetuates this erroneous construction of the statute and holds that any party to a conversation may allow the police to make a secret recording of it. This holding is in direct conflict with the explicit language of the eavesdropping statute. I strenuously dissent from the majority's failure to enforce the plain language of the eavesdropping statute.

For the reasons stated, the police's recording of the defendant's conversation violated the Illinois eavesdropping statute. Since the police officers had no authority to record the conversation, the recording and transcripts of statements made by the defendant to the alleged victim during the conversation were properly suppressed. Accordingly, I dissent from the majority's decision.

JUSTICE McMORROW joins in this dissent.