# Illinois Official Reports

## Supreme Court

***People v. Clark*, 2014 IL 115776**

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DeFOREST CLARK, Appellee. |
| Docket No. | 115776 |
| Filed | March 20, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The Illinois eavesdropping statute as amended in 1994 is unconstitutional, as overly broad under the first amendment, in criminalizing the recording of conversations without the consent of all parties, even if they have no expectation of privacy. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, the Hon. David R. Akemann, Judge, presiding. |
| Judgment | Circuit court judgment affirmed. |

Counsel on Appeal

Lisa Madigan, Attorney General, of Springfield, and Joseph H. McMahon, State's Attorney, of Saint Charles (Michael A. Scodro, Solicitor General, and Michael M. Glick and Eric M. Levin, Assistant Attorneys General, of Chicago, of counsel), for the People.

Donald J. Ramsell, of Ramsell & Associates, L.L.C., of Wheaton, and Nicole Sartori, of Fox Valley Law Center, of Aurora, for appellee.

Joseph P. Bruscato and Patrick Delfino, of The Illinois State's Attorneys Association, of Springfield (Scott Jacobson, of counsel), for *amicus curiae* Illinois State's Attorneys Association.

Harvey Grossman and Adam Schwartz, of Roger Baldwin Foundation of ACLU, Inc., of Chicago, and Richard J. O'Brien and Sean Siekkinen, of Sidley Austin LLP, of Chicago, for *amicus curiae* American Civil Liberties Union of Illinois.

Justices

CHIEF JUSTICE GARMAN delivered the judgment of the court, with opinion.
Justices Freeman, Thomas, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, DeForest Clark, was indicted by a grand jury in Kane County on two counts of eavesdropping (720 ILCS 5/14-2(a)(1)(A) (West 2010)). Count I alleged that defendant used an eavesdropping device to record a conversation between himself and attorney Colleen Thomas without her consent. Count II alleged that defendant had used an eavesdropping device to record a conversation between himself, Judge Robert Janes, and Colleen Thomas while Judge Janes was acting in the performance of his official duties, without the consent of Judge Janes or Colleen Thomas. Defendant filed a motion to dismiss the indictment on grounds that the eavesdropping statute violates substantive due process and his rights under the first amendment to the United States Constitution. The circuit court of Kane County granted the motion, holding that the eavesdropping statute is unconstitutional on substantive due process and first amendment grounds. We allowed the Illinois State's Attorneys Association and the American Civil Liberties Union of Illinois to file briefs *amicus curiae* pursuant to Supreme Court Rule 345. Ill. S. Ct. R. 345 (eff. Sept. 20, 2010). Appeal lies directly to this court under our Rule 603. Ill. S. Ct. R. 603 (eff. July 1, 1971). For the following reasons, we affirm the judgment of the circuit court.

BACKGROUND

Defendant filed a motion to dismiss the indictment. He first argued that the statute violates substantive due process because the elements of the offense do not require criminal intent, thus subjecting wholly innocent conduct to criminal penalty. Secondly, defendant argued that the statute violates his rights under the first amendment to the United States Constitution (U.S. Const., amend. I) and under article I, section 2 of the Illinois Constitution (Ill. Const. 1970, art. I, § 2). Defendant stated that he was in court on a child support matter and attorney Thomas was representing the opposing party. According to defendant, there was no court reporter present nor was there any recording device to record the proceedings. He alleged that the recordings he made were to preserve the record of his case. He claimed he had a first amendment right to gather information by recording public officials performing their public duties.

The State filed a response in which it argued that the statute does not violate substantive due process. According to the State, the purpose of the law is to assure Illinois citizens that their conversations would not be recorded by another person without their consent. Thus, the surreptitious recording of a conversation is the very activity the statute seeks to punish and the prohibition of such recording bears a reasonable relationship to the purpose of the statute. As to defendant's first amendment claims, the State argued that there is no recognized first amendment right to secretly record a court proceeding.

In its written order, the circuit court found that the eavesdropping statute violates defendant's right to substantive due process and his first amendment rights. The court found that the proper standard of review for defendant's due process and first amendment claims is to determine whether the statute was narrowly tailored to serve a significant governmental interest. With respect to substantive due process, the circuit court found that the plain language and legislative history of the statute indicates that it is broadly designed to protect conversational privacy. The court noted that, despite the purpose of the statute, the legislature had removed from it any requirement that there be any expectation of privacy, thus subjecting any and all recordings of conversations to criminal liability. The circuit court found there is not a sufficient connection between the purpose of the statute and the expansive means adopted to achieve that end.

The circuit court interpreted defendant's first amendment challenge as an "as applied" challenge. As to the recording of courtroom proceedings, the circuit court noted that such proceedings are not typically private; thus, the privacy interests were insufficient to justify the statute's expansive means. The circuit court recognized that the conversation with attorney Thomas in the hallway outside the courtroom required a more complicated analysis. The court noted that while Thomas likely expected that the conversation with defendant was private, the hallway of a courthouse is rarely a private place for a discussion. In light of the first amendment rights at issue, the court held that Thomas' privacy interests did not rise to a level that would justify banning all audio recording.

The circuit court thus granted defendant's motion to dismiss the indictment.

ANALYSIS

The constitutionality of a statute is a question of law that we review *de novo*. *People v. Madrigal*, 241 Ill. 2d 463, 466 (2011). There is a strong presumption that a statute is

constitutional, and the party challenging its constitutionality bears the burden of clearly establishing that the statute violates the constitution. *People v. Kitch*, 239 Ill. 2d 452, 466 (2011). This court has a duty to construe a statute in a manner that upholds its constitutionality, if reasonably possible. *People v. Hollins*, 2012 IL 112754, ¶ 13.

¶ 10                                              First Amendment Overbreadth

¶ 11         We first address defendant's argument that section (a)(1)(A) of the eavesdropping statute violates the first amendment under the overbreadth doctrine. In a typical facial challenge, defendant would have to establish that no set of circumstances exist under which the statute would be valid. *United States v. Stevens*, 559 U.S. 460, 472 (2010). In the first amendment context, however, a second type of facial challenge has been recognized, whereby a law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep. *Id.* at 473. The United States Supreme Court has provided this expansive remedy out of concern that the threat of enforcement of an overbroad law may deter or chill constitutionally protected speech, especially when the statute imposes criminal sanctions. *Virginia v. Hicks*, 539 U.S. 113, 119 (2003). A statute may be invalidated on overbreadth grounds only if the overbreadth is substantial. The requirement that the overbreadth be substantial arose from the Supreme Court's recognition that application of the overbreadth doctrine is strong medicine and that there must be a realistic danger that the statute " 'will significantly compromise recognized First Amendment protections of parties not before the Court.' " *Board of Airport Commissioners v. Jews for Jesus, Inc.*, 482 U.S. 569, 574 (1987) (quoting *City Council v. Taxpayers for Vincent*, 466 U.S. 789, 801 (1984)).

¶ 12         Initially, the State argues that defendant has forfeited his overbreadth argument by failing to present that argument to the circuit court. Defendant counters with the principle that a statute may be challenged as unconstitutional at any time, even on appeal. The State acknowledges the principle but argues that it should not be applied here. According to the State, the rule is grounded in the notion that if a challenged statute is unconstitutional, it would be fundamentally unfair to uphold a conviction under it. Here, in contrast, defendant grounds his overbreadth challenge not on his own conduct, but on the rights of third parties.

¶ 13         We reject the State's argument. The State has cited no case holding that a first amendment overbreadth challenge may not be heard for the first time on appeal in a criminal case on the ground that the defendant is seeking a finding of unconstitutionality based upon the statute's effect on non-parties. Although the State implies that a different rule should apply to overbreadth challenges than applies to other constitutional issues, we decline the State's invitation to create one. In any event, we are not bound by any forfeiture. See *People v. McCarty*, 223 Ill. 2d 109, 142 (2006). Therefore, we choose to address defendant's overbreadth challenge.[1]

¶ 14         The first step in an overbreadth analysis is to construe the challenged statute. It is impossible to determine whether a statute reaches too far without first knowing what the

---

[1]We note that the State has chosen not to argue the merits of defendant's overbreadth challenge in this case despite having the opportunity to do so in its reply brief. It argues only that defendant forfeited his overbreadth argument.

statute covers. *United States v. Williams*, 553 U.S. 285, 293 (2008). The eavesdropping statute provides in pertinent part:

> "(a) A person commits eavesdropping when he:
>
> (1) Knowingly and intentionally uses an eavesdropping device for the purpose of hearing or recording all or any part of any conversation or intercepts, retains, or transcribes electronic communication unless he does so (A) with the consent of all of the parties to such conversation or electronic communication ***[.]" 720 ILCS 5/14-2(a)(1)(A) (West 2010).

The statute defines "[c]onversation" as "any oral communication between 2 or more persons regardless of whether one or more of the parties intended their communication to be of a private nature under circumstances justifying that expectation." 720 ILCS 5/14-1(d) (West 2010).

¶ 15     In *People v. Beardsley*, 115 Ill. 2d 47 (1986), the defendant was convicted of eavesdropping for recording a conversation with a police officer after he was stopped for speeding. In this court, the defendant argued that he was improperly convicted because the conversation he recorded was not private or secret, as he was a party to it. He argued that under the common meaning of "eavesdropping," the conversation must have been intended to be private for the statute to apply. This court agreed with the defendant and held that the statute was based on the assumption that if parties to a conversation act under circumstances which entitle them to believe their conversation is private and cannot be heard by others who are acting in a lawful manner, then they should be protected in their privacy. This court found that the statute was intended to protect individuals from the surreptitious monitoring of their conversations by eavesdropping devices. *Id.* at 53.

¶ 16     This court reaffirmed its *Beardsley* holding in *People v. Herrington*, 163 Ill. 2d 507 (1994). There, the alleged victim participated in a telephone conversation with the defendant which was recorded by the police. The trial court suppressed the tape recording as a violation of the eavesdropping statute. This court reversed, noting that there could be no expectation of privacy where the person recording the conversation is a party to that conversation: " '[N]o eavesdropping occurs where an individual to whom statements are made or directed records them, even without the knowledge or consent of the person making the statements, because the declarant does not intend to keep his statements private *vis-a-vis* that individual.' " *Id.* at 510-11 (quoting *Bender v. Board of Fire & Police Commissioners*, 183 Ill. App. 3d 562, 565 (1989)).

¶ 17     The legislature amended the eavesdropping statute in 1994. Pub. Act 88-677, § 20 (eff. Dec. 15, 1994). Prior to that time, the statute did not define "conversation." The purpose of the 1994 amendments was to make clear, in contrast to *Beardsley*'s interpretation, that the consent of all parties to recording a conversation is required, regardless of whether the parties intended their conversation to be private. See 88th Ill. Gen. Assem., Senate Proceedings, Apr. 21, 1994, at 139 (statements of Senator Dillard). The statute now criminalizes recording of all conversations except in limited circumstances specifically allowed by the statute. Thus, the scope of the eavesdropping statute is quite broad.

¶ 18     Audio and audiovisual recordings are medias of expression commonly used for the preservation and dissemination of information and ideas and thus are included within the free speech and free press guarantees of the first and fourteenth amendments. *American Civil Liberties Union v. Alvarez*, 679 F.3d 583, 595 (7th Cir. 2012). The act of making such a

recording is necessarily included in the first amendment's guarantee of speech and press rights as a corollary of the right to disseminate the resulting recording. *Id.* "[T]he eavesdropping statute operates at the front end of the speech process by restricting the use of a common, indeed ubiquitous, instrument of communication. Restricting the use of an audio or audiovisual recording device suppresses speech just as effectively as restricting the dissemination of the resulting recording." *Id.* at 596.

¶ 19 The eavesdropping statute is content-neutral. It regulates speech without discrimination as to the messenger or the content of the message. See *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989) ("Government regulation of expressive activity is content neutral so long as it is *justified* without reference to the content of the regulated speech." (Emphasis and internal quotation marks omitted.)). As such, it is subject to intermediate scrutiny. *Holder v. Humanitarian Law Project*, 561 U.S. 1, ___, 130 S. Ct. 2705, 2723 (2010). A content-neutral regulation will be sustained under the first amendment if it advances important governmental interests unrelated to the suppression of free speech and does not burden substantially more speech than necessary to further those interests. *Turner Broadcasting System, Inc. v. Federal Communications Comm'n*, 520 U.S. 180, 189 (1997); *United States v. O'Brien*, 391 U.S. 367, 376-77 (1968).

¶ 20 We next consider the nature of the governmental interest the eavesdropping statute is intended to advance. In *Beardsley*, this court interpreted the purpose of the statute as protecting individuals from the surreptitious monitoring of their conversations by the use of eavesdropping devices. The court noted that the statute was based on the assumption that "if the parties to a conversation act under circumstances which entitle them to believe that the conversation is private and cannot be heard by others who are acting in a lawful manner, then they should be protected in their privacy." *Beardsley*, 115 Ill. 2d at 53. Thus, consent of all parties to a conversation to the recording of that conversation was not required in instances where any party lacked an intent to keep the conversation private. The legislature sought to change that in the 1994 amendments by making clear that no recording could be made absent consent from all parties regardless of any lack of expectation of privacy. Thus, the statute now essentially deems all conversations to be private and not subject to recording even if the participants themselves have no expectation of privacy. The State and defendant agree that the purpose of the eavesdropping statute is to protect conversational privacy. Specifically, the State argues that, faced with the serious and ever-increasing threat to conversational privacy posed by the widespread availability of mobile recording devices, the legislature opted for a solution that may be over-inclusive. However, the State contends, the alternative was to risk being under-inclusive by leaving unprotected from non-consensual recording a substantial universe of conversations that the parties in fact intended to be private. The State argues that this is a policy decision best left to the legislature. The question before this court is whether the means the legislature has chosen to further this interest in conversational privacy places a substantially greater burden on speech than is necessary to further the interest.

¶ 21 Individuals have a valid interest in the privacy of their communications and a legitimate expectation that their private conversations will not be recorded by those not privy to the conversation. In addition, the fear of having private conversations exposed to the public may have a chilling effect on private speech. *Bartnicki v. Vopper*, 532 U.S. 514, 532-33 (2001). The eavesdropping statute thus legitimately criminalizes audio recordings in these instances. The purpose of the statute to protect private conversations is thus served. However, the statute does

not stop there. It criminalizes a whole range of conduct involving the audio recording of conversations that cannot be deemed in any way private. For example, the statute prohibits recording (1) a loud argument on the street; (2) a political debate in a park; (3) the public interactions of police officers with citizens (if done by a member of the general public); and (4) any other conversation loud enough to be overheard by others whether in a private or public setting. None of these examples implicate privacy interests, yet the statute makes it a felony to audio record each one. Although the statute does contain several exemptions from the general prohibition (720 ILCS 5/14-3 (West 2010)), none of the examples above would come within any of those exemptions. Given the expansion of the statute's scope by the 1994 amendments, we are left with a general ban on audio recordings of any oral communication whatsoever, absent consent from all parties, except in limited circumstances that mostly apply to law enforcement authorities.

¶ 22      Audio recordings of truly private conversations are within the legitimate scope of the statute. The prohibition on those recordings serves the purpose of the statute to protect conversational privacy. However, the statute's blanket ban on audio recordings sweeps so broadly that it criminalizes a great deal of wholly innocent conduct, judged in relation to the statute's purpose and its legitimate scope. It matters not whether the recording was made openly or surreptitiously. The statute prohibits the recording in the absence of consent of all parties. And, while the consent need not be express, any implied consent will become a factor only after an individual has been charged with a violation of the eavesdropping statute and raises implied consent in defense. See *People v. Ceja*, 204 Ill. 2d 332, 349-50 (2003) (consent under the eavesdropping statute may be express or implied, the latter being consent in fact, which is inferred from the surrounding circumstances indicating that the party knowingly agreed to the surveillance).

¶ 23      If another person overhears what we say, we cannot control to whom that person may repeat what we said. That person may write down what we say and publish it, and this is not a violation of the eavesdropping statute. Yet if that same person records our words with an audio recording device, even if it is not published in any way, a criminal act has been committed. The person taking notes may misquote us or misrepresent what we said, but an audio recording is the best evidence of our words. Yet, the eavesdropping statute bars it. Understandably, many people do not want their voices broadcast to others or on the Internet to be heard around the world. But, to a certain extent this is beyond our control, given the ubiquity of devices like smartphones, with their video and audio recording capabilities and the ability to post such recordings instantly to the Internet. Illinois' privacy statute goes too far in its effort to protect individuals' interest in the privacy of their communications. Indeed, by removing all semblance of privacy from the statute in the 1994 amendments, the legislature has "severed the link between the eavesdropping statute's means and its end." *Alvarez*, 679 F.3d at 606. The statute therefore burdens substantially more speech than is necessary to serve the interests the statute may legitimately serve. Accordingly, the statute does not meet the requirements necessary to satisfy intermediate scrutiny. We hold that section (a)(1)(A) of the eavesdropping statute is overbroad because a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep. Given our holding, it is unnecessary to address the parties' other contentions.

## CONCLUSION

We hold that section (a)(1)(A) of the eavesdropping statute is unconstitutional as violative of the overbreadth doctrine under the first amendment to the United States Constitution. Accordingly, we affirm the judgment of the circuit court.

Circuit court judgment affirmed.