2023 IL App (1st) 220601

THIRD DIVISION
May 24, 2023

No. 1-22-0601

COOK AU VIN, LLC an Illinois Limited Liability Company, for
Itself and on Behalf of All Others Similarly Situated,

          Plaintiff-Appellant,

v.

MID-CENTURY INSURANCE COMPANY, a California
Corporation,

         Defendant-Appellee.

) Appeal from the
) Circuit Court of
) Cook County
)
)
) No. 2020 CH 06260
)
)
) Honorable
) Anna Demacopoulos,
) Judge, Presiding

JUSTICE D.B. WALKER delivered the judgment of the court with opinion.
Presiding Justice McBride and Justice Reyes concurred with the judgment and opinion.

**OPINION**

¶ 1 Plaintiff Cook Au Vin, LLC, appeals the trial court's dismissal of its class-action complaint alleging that defendant Mid-Century Insurance Company (Mid-Century) violated the Illinois eavesdropping statute (720 ILCS 5/14-1 *et seq.* (West 2020)). On appeal, plaintiff contends the trial court erred in dismissing its complaint where (1) plaintiff was a party to the phone conversation between its attorney and Mid-Century's representative and (2) plaintiff's second-amended complaint alleged sufficient facts to show that Mid-Century surreptitiously recorded the phone call without plaintiff's consent. For the following reasons, we affirm.

¶ 2         I. BACKGROUND

¶ 3 Plaintiff is a bakery and catering company servicing Chicago since 2005. In March 2020, plaintiff suffered financial hardship due to government closure orders related to the COVID-19 pandemic. At the time, plaintiff possessed a commercial general liability policy issued by Mid-

No. 1-22-0601

Century. Plaintiff sought coverage under the policy for more than $360,000 in business interruption losses and expenses sustained as a result of the government-mandated closures. Plaintiff's principal, Vincent Colombet, retained attorney William E. Meyer to represent plaintiff in the claim.

¶ 4     Plaintiff submitted the claim on July 2, 2020, and that same day, claim representative Erin Dufner contacted Meyer in relation to the claim. Dufner and Meyer had the following conversation over the phone:

"MEYER: Hello?

DUFNER: Hi, may I please speak with Bill Meyer?

MEYER: Who's calling?

DUFNER: This is Erin from Farmer's [sic] Insurance[1] calling in regards to a claim that was reported to us for Cook Au Vin, LLC.

MEYER: Ok, thank you for calling—let me get my notes so I can uh take down your name and phone number and all that. Give me one moment—

DUFNER: Sure.

MEYER: Just a moment. Bear with me one moment while I grab something to write with. All right, thanks for waiting, and I'm sorry, what was your name again?

DUFNER: Erin. That's E-R-I-N.

MEYER: Yes.

DUFNER: And my last name is Dufner. D-U-F-N-E-R.

MEYER: D-U-F-N-E-R. Is this phone number the best to reach you at? ***

_____

[1]Mid-Century is a subsidiary of Farmers Insurance Group.

DUFNER: Yes.

MEYER: *** and area code ***.

DUFNER: Yep.

MEYER: And area code ***.

DUFNER: That's it.

MEYER: All right, thank you.

DUFNER: All right and I do need to let you know that our calls are being recorded for customer service purposes. And—

MEYER: Yeah, I really would—really would prefer that the call, the phone call not be recorded.

DUFNER: Um, I don't know that's actually even possible—um, like I don't have any way of turning that off, I'd have to maybe reach out to like an IT person or HR or something—

MEYER: Yeah—all right why don't you—

DUFNER: It's just automatic on our phones.

MEYER: Yeah why don't you find out about that—um then we can continue the conversation after you find the option to not have the phone call recorded.

DUFNER: Ok.

MEYER: And just so I understand, just so I understand correctly what you're saying is at least as we're sitting here right now we are, we are being recorded, right?

DUFNER: Correct. Yes.

MEYER: Ok.

DUFNER: And do you have an attorney letter of representation for the insured that you can send over?

MEYER: Uh—what, what do you mean by 'attorney letter of representation?'

DUFNER: Uh, well if you are speaking or working on behalf of our insured we have to have a letter of representation on file.

MEYER: Ok well I'm happy if you email me the—to provide you that information as well.

DUFNER: Ok.

MEYER: That's perhaps the most efficient way to do it.

DUFNER: Ok.

MEYER: I'll give you my email address. Do you already have the email address in the claim?

DUFNER: Um. Let me see here—I've got 'william@F-K-L-A-W-F-I-R-M.com.'

MEYER: Yeah that's correct.

DUFNER: Ok. So I'll have to—

MEYER: And the Client and I really—oh I'm sorry go ahead.

DUFNER: Um *** we'll send you a, uh link that you actually have to sign terms and conditions for email communications or I can't email you directly ***.

MEYER: Ok and just so we're really clear on this recording, both I and my client do not consent to recording of phone calls and this phone call is at least so far [*sic*] has been in violation of the Illinois Eavesdropping statute—so we do have an objection to that. And uh, look forward to receiving your email and we can proceed further.

DUFNER: Ok, alright, thank you.

MEYER: Goodb—."

¶ 5    Based on that conversation, plaintiff filed a class-action complaint against Mid-Century on October 13, 2020, and filed an amended complaint on March 26, 2021. Mid-Century moved to

dismiss the amended complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)). The trial court granted the motion to dismiss without prejudice.

¶ 6 On November 12, 2021, plaintiff filed a second-amended complaint. The complaint alleged that plaintiff retained attorney Meyer to represent plaintiff in its insurance claim. The complaint also alleged that Mid-Century, "by and through its claim representative Erin Dufner," called plaintiff "through counsel, William E. Meyer, Jr." When Dufner stated that the call was being recorded, plaintiff, "through counsel William Meyer," requested that Dufner cease recording the conversation. Meyer informed Dufner that he was plaintiff's attorney and neither he nor plaintiff consented to the recording. Plaintiff alleged that Mid-Century violated the eavesdropping statute by surreptitiously recording the telephone conversation without obtaining plaintiff's consent.

¶ 7 Mid-Century filed a combined motion to dismiss the second-amended complaint with prejudice under section 2-619.1 (*id.* § 2-619.1) of the Code where (1) pursuant to section 2-615, plaintiff could not allege facts to support a violation of the eavesdropping statute and (2) pursuant to section 2-619(a)(9) (*id.* § 2-619(a)(9)), plaintiff lacked standing to prosecute the claim where plaintiff was not a party to the phone call.

¶ 8 On March 31, 2022, the trial court granted Mid-Century's section 2-619 motion to dismiss with prejudice because plaintiff "lack[ed] standing to pursue a claim under" the eavesdropping statute. The court also found that dismissal was proper under section 2-615 regarding the conversation that occurred after Dufner notified Meyer of the recording. However, dismissal under section 2-615 was not appropriate regarding the "portion of the conversation from the moment the call began until the point that [Dufner] announced that the call was being recorded," because a question of fact existed as to whether Mid-Century surreptitiously recorded that conversation. Plaintiff now appeals.

¶ 9                                    II. ANALYSIS

¶ 10                        A. Dismissal Under Section 2-*619*

¶ 11     The trial court granted Mid-Century's section 2-619 motion to dismiss plaintiff's complaint with prejudice for lack of standing. Dismissal under section 2-619 is appropriate where "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2020). "Affirmative matter" is "something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint." *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999). When reviewing a dismissal under section 2-619, "[t]he relevant question is whether there exists a genuine issue of material fact precluding dismissal, or absent an issue of material fact, whether dismissal is proper as a matter of law." *Fuller Family Holdings, LLC v. Northern Trust Co.*, 371 Ill. App. 3d 605, 613 (2007). We accept all well-pled facts as true and construe those facts in the light most favorable to the nonmoving party. *1002 E. 87th Street, LLC v. Midway Broadcasting Corp.*, 2018 IL App (1st) 171691, ¶ 13. We review a section 2-619 dismissal *de novo*. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006).

¶ 12     On appeal, plaintiff contends that dismissal was improper because it had standing to pursue an eavesdropping claim. The doctrine of standing serves to preclude those who have no interest in a controversy from filing a cause of action. *Glisson*, 188 Ill. 2d at 221. Generally, standing requires some injury in fact to a legally cognizable interest. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 492 (1988). Lack of standing is an affirmative defense that defendant must plead and prove. *Beyer v. Board of Education Chicago*, 2019 IL App (1st) 191152, ¶ 44.

Whether a party has standing is a question of law that we review *de novo*. *Powell v. Dean Foods Co.*, 2012 IL 111714, ¶ 35.

¶ 13    Initially, standing requires that plaintiff be a "real party in interest" in the litigation. *Lyons v. Ryan*, 201 Ill. 2d 529, 534-35 (2002). A party in interest "has an actual and substantial interest in the subject matter of the action, as distinguished from one who has only a nominal, formal, or technical interest in, or connection with, the case." *Id.*

¶ 14    Plaintiff's complaint alleged a violation of the eavesdropping statute. The eavesdropping statute prohibits the surreptitious recording of a private conversation by one who is not a party to the conversation. 720 ILCS 5/14-2(a)(1) (West 2020). In enacting the statute, the legislature "intended to protect individuals from the surreptitious monitoring of their conversations by eavesdropping devices." *People v. Clark*, 2014 IL 115776, ¶ 15. As our supreme court found, "[i]ndividuals have a valid interest in the privacy of their communications and a legitimate expectation that their private conversations will not be recorded by those not privy to the conversation." *Id.* ¶ 21.

¶ 15    Plaintiff acknowledges that Meyer and Dufner were the actual parties to the recorded conversation. Plaintiff argues, however, that it was also a party in interest because Meyer was plaintiff's attorney-agent. As support, plaintiff cites *Stone Street Partners, LLC v. City of Chicago Department of Administrative Hearings*, 2014 IL App (1st) 123654. We find this case inapposite. *Stone Street* held only that corporations must be represented at administrative hearings by a licensed attorney, particularly if the hearing will "involve testimony from sworn witnesses, interpretation of laws and ordinances, and can result in the imposition of punitive fines." *Id.* ¶ 16.[2]

---

[2]After granting the City's petition for leave to appeal, the supreme court found that the appellate

While *Stone Street* recognized an attorney's role in representing a client in administrative proceedings, it did not consider the issue before us: whether an alleged injury sustained by an attorney can be imputed to a client. For purposes of standing, "[a] party must assert its own legal rights and interests, rather than assert a claim for relief based on the rights of third parties." *Jackson v. Hehner*, 2021 IL App (1st) 192411, ¶ 47. Plaintiff cites no cases to support that Meyer's alleged injury resulting from Mid-Century's recording of his conversation was also plaintiff's injury.

¶ 16    There is authority supporting that a corporation can be a party to a private conversation held by its officers and corporate employees in their capacity as a corporate representative. See *McDonald's Corp. v. Levine*, 108 Ill. App. 3d 732, 742 (1982). Meyer, however, was plaintiff's attorney. Meyer's role as plaintiff's attorney is legally distinguishable from that of a corporate officer. *First Chicago v. Industrial Comm'n*, 294 Ill. App. 3d 685, 691 (1998). Other than alleging that Meyer acted as plaintiff's attorney, plaintiff has set forth no facts showing it was a party to the conversation between Meyer and Dufner. Therefore, dismissal was proper under section 2-619. See *Lyons*, 201 Ill. 2d at 534 (finding that a "complaint may be involuntarily dismissed for lack of standing pursuant to section 2-619(a)(9) of the Code").

¶ 17                         B. Dismissal Under Section 2-*615*

¶ 18    Even assuming, arguendo, that plaintiff had standing to bring this action, dismissal was proper under section 2-615. See *Mayle v. Urban Realty Works, LLC*, 2022 IL App (1st) 210470, ¶ 40 (this court may affirm the dismissal on any basis supported by the record). Mid-Century filed its motion to dismiss pursuant to section 2-619.1 of the Code, which allows a party to combine a

---

court's holding regarding a corporation's representation at an administrative hearing was unnecessary to the resolution of the case and declined to consider the issue. *Stone Street Partners, LLC v. City of Chicago Department of Administrative Hearings*, 2017 IL 117720, ¶¶ 27, 35.

section 2-619 motion with a section 2-615 motion to dismiss. *Bjork v. O'Meara*, 2013 IL 114044, ¶ 21.

¶ 19    A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint by alleging defects on its face. *Young v. Bryco Arms*, 213 Ill. 2d 433, 440 (2004). When reviewing a dismissal under section 2-615, we determine "whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, and taking all well-pleaded facts and all reasonable inferences that may be drawn from those facts as true, are sufficient to establish a cause of action upon which relief may be granted." *Napleton v. Village of Hinsdale*, 229 Ill. 2d 296, 305 (2008). A plaintiff must allege facts and may not rely on mere conclusions of law or facts unsupported by specific factual allegations. *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009). We review the trial court's grant of a section 2-615 motion to dismiss *de novo*. *Napleton*, 229 Ill. 2d at 305.

¶ 20    Plaintiff's complaint alleged a violation under section 14-2(a)(2) of the eavesdropping statute, which states that eavesdropping is committed when a party knowingly and intentionally "[u]ses an eavesdropping device, in a surreptitious manner, for the purpose of transmitting or recording all or any part of any private conversation to which he or she is a party unless he or she does so with the consent of all other parties to the private conversation." 720 ILCS 5/14-2(a)(2) (West 2020). Plaintiff argues that its complaint sufficiently pleaded a violation of the eavesdropping statute where Mid-Century recorded Dufner and Meyer's conversation without plaintiff's consent.

¶ 21    The plain language of the eavesdropping statute, however, requires consent only if the eavesdropping device is used in a *surreptitious* manner to record a *private conversation*. Plaintiff's lack of consent is not a factor unless we find that Mid-Century made a surreptitious recording and

that it did so to record a private conversation.

¶ 22    For purposes of the eavesdropping statute, " 'surreptitious' means obtained or made by stealth or deception, or executed through secrecy or concealment." *Id.* § 14-1(g). "[O]penly recording" a conversation, "so that all parties are aware of the presence of an operating recording device," is not surreptitious. *People v. Melongo*, 2014 IL 114852, ¶ 30. Rather, a surreptitious recording implies that the recorder is listening to a conversation that he or she "could not otherwise have heard." *Bender v. Board of Fire & Police Commissioners of the Village of Dolton*, 183 Ill. App. 3d 562, 566 (1989).

¶ 23    Here, Mid-Century openly recorded the conversation between Meyer and Dufner because Meyer was aware of the recording. Plaintiff disagrees, arguing that Dufner did not disclose the recording until "some time had passed, and information had been exchanged." A review of the transcript, however, shows that Dufner informed Meyer of the recording as soon as she had the opportunity to do so. When Dufner called Meyer and identified herself, Meyer requested a moment to get his notes so he could write down her name and telephone number. Dufner gave him that information and then immediately informed Meyer that the call was being recorded. Furthermore, this was not a secret conversation that Mid-Century could not otherwise have heard. Meyer knew that Mid-Century was a party to the conversation. Plaintiff has not, and cannot, plead facts to support that Mid-Century's recording was surreptitious.

¶ 24    Plaintiff also has not sufficiently alleged facts showing that Mid-Century recorded a private conversation between Dufner and Meyer. The eavesdropping statute defines a "private conversation" as

> "any oral communication between 2 or more persons, *** when one or more of the parties
>
> intended the communication to be of a private nature under circumstances reasonably

justifying that expectation. A reasonable expectation shall include any expectation recognized by law, including, but not limited to, an expectation derived from a privilege, immunity, or right established by common law, Supreme Court rule, or the Illinois or United States Constitution." 720 ILCS 5/14-1(d) (West 2020).

¶ 25    To survive a section 2-615 motion to dismiss, plaintiff's complaint must therefore allege facts showing not only that Mid-Century recorded an oral communication that one of the parties intended to keep private but also that plaintiff's expectation of privacy was reasonable under the circumstances.

¶ 26    Broadly construing plaintiff's complaint, plaintiff has alleged that Mid-Century recorded an oral communication between Dufner and Meyer and that plaintiff, through Meyer, expected the conversation to be a private one. The determinative issue, however, is whether plaintiff's expectation of privacy was reasonable under the circumstances. We find two supreme court cases instructive.

¶ 27    In *Clark*, the defendant appeared in court on a child support matter, and no court reporter was present to record the proceedings. *Clark*, 2014 IL 115776, ¶ 3. In order to preserve the record in his case, the defendant used an eavesdropping device to record a conversation between himself, the trial court judge, and an attorney, without their consent. *Id.* ¶¶ 1, 3.

¶ 28    The defendant was charged with two counts of eavesdropping under a prior version of the eavesdropping statute. *Id.* ¶ 1. That version stated that a person commits eavesdropping when he "uses an eavesdropping device for the purpose of hearing or recording all or any part of any conversation *** unless he does so (A) with the consent of all of the parties to such conversation." 720 ILCS 5/14-2(a)(1)(A) (West 2010). The eavesdropping statute effectively banned audio recordings of any oral communication without the consent of all parties. *Clark*, 2014 IL 115776,

¶ 22. On appeal to the supreme court, the defendant argued that the eavesdropping statute violated his first amendment rights. *Id.* ¶ 11.

¶ 29    The supreme court noted that audio recordings are included within the first amendment's protections because they "are medias of expression commonly used for the preservation and dissemination of information and ideas." *Id.* ¶ 18. The court also acknowledged that "[i]ndividuals have a valid interest in the privacy of their communications and a legitimate expectation that their private conversations will not be recorded by those not privy to the conversation." *Id.* ¶ 21.

¶ 30    However, while the eavesdropping statute legitimately criminalized audio recordings in those circumstances, it also criminalized recordings of conversations that did not implicate any privacy interest. *Id.* As a result, the eavesdropping statute effectively restricted "the use of a common, indeed ubiquitous, instrument of communication." (Internal quotation marks omitted.) *Id.* ¶ 18. Without privacy requirements, the eavesdropping statute was unconstitutionally overbroad because it burdened substantially more speech than was necessary to serve the statute's legitimate interest of protecting private conversations. *Id.* ¶ 23.

¶ 31    After the supreme court's determination in *Clark*, the legislature amended the eavesdropping statute in 2014 to provide that eavesdropping required a surreptitious recording of an oral communication, "when one or more of the parties intended the communication to be of a private nature under circumstances reasonably justifying that expectation." See 720 ILCS 5/14-1(d) (West 2014). This is the version applicable here. This amended language mirrors language found in *People v. Beardsley*, 115 Ill. 2d 47 (1986), a case cited in *Clark* as support.

¶ 32    In *Beardsley*, a police officer stopped the defendant for speeding and requested his driver's license. *Id.* at 48. The defendant refused and asked for counsel. *Id.* When a police sergeant arrived on the scene, the defendant again refused to show his driver's license. *Id.* at 49. The defendant was

arrested and placed in the back of the police vehicle. While waiting for a tow truck to take the defendant's vehicle, the officers conversed as the defendant recorded their conversation from the back seat. *Id.* He made the recording without the officers' knowledge or consent. *Id.*

¶ 33    After a trial, the jury convicted the defendant of speeding and eavesdropping. *Id.* at 50. On appeal, the defendant argued that he was improperly charged with eavesdropping where he did not record a private conversation. *Id.* The supreme court agreed, finding that the "primary factor" in ascertaining whether eavesdropping occurred was not whether the parties consented to the recording. *Id.* at 54. Instead, it must determine "whether the officers/declarants intended their conversation to be of a private nature under circumstances justifying such expectation." *Id.*

¶ 34    The court concluded that, if the officers had intended to keep their conversation "entirely private," they would have left the police vehicle instead of speaking in front of the defendant. *Id.* at 55. Thus, no violation of the eavesdropping statute occurred where the defendant did not surreptitiously record a private conversation. *Id.*

¶ 35    As in *Clark* and *Beardsley*, plaintiff did not have a reasonable expectation that the conversation between Meyer and Dufner would remain private. Dufner called Meyer to obtain information to process plaintiff's insurance claim, and plaintiff has not alleged that it did not expect Dufner to forward that information to other employees at Mid-Century. Furthermore, Mid-Century had a valid reason for recording the conversation. Dufner informed Meyer that the call was being recorded for customer service purposes. If Dufner had to take written notes on the conversation, she might have misquoted information given by Meyer. An audio recording in this situation is the best evidence of the words spoken. See *Clark*, 2014 IL 115776, ¶ 23.

¶ 36    Plaintiff disagrees that Mid-Century recorded its calls for legitimate purposes. In its complaint, plaintiff alleged that by recording calls without permission, failing to obtain affirmative

consent before recording calls, and "giving false pretenses when the recording is finally announced," Mid-Century sought "to extract illegal, prejudicial, live recorded admissions from insureds." Plaintiff argues that this policy was designed to "gather[ ] admissions on a recorded line, giving [Mid-Century] an upper hand at denying or reducing claims."

¶ 37    Plaintiff, however, has not alleged sufficient facts to support its claim. Plaintiff alleged that Dufner could not stop the recording and, from that fact, concluded that Mid-Century lied about the purpose of the recording. Plaintiff then speculated about the improper purpose behind Mid-Century's recording policy. On a section 2-615 motion to dismiss, plaintiff cannot rely on mere conclusions of fact unsupported by specific factual allegations. *Pooh-Bah*, 232 Ill. 2d at 473. Additionally, these allegations do not suggest any privacy interest protected by the eavesdropping statute. Instead, they show Mid-Century did not surreptitiously record the conversation where the insureds knew they were being recorded and allowed the recording to continue.

¶ 38    We find that plaintiff has not, and cannot, allege sufficient facts showing it intended the conversation between Meyer and Dufner to be of a private nature under circumstances justifying such an expectation. Plaintiff must establish this expectation of privacy in order to prevail on its eavesdropping claim. See 720 ILCS 5/14-2(a)(2), 14-1(d) (West 2020). Therefore, dismissal of plaintiff's complaint under section 2-615 was proper. See *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006) (a section 2-615 dismissal is appropriate if it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery).

¶ 39                                  III. CONCLUSION

¶ 40    For the foregoing reasons, the judgment of the Cook County circuit court is affirmed.

¶ 41    Affirmed.

*Cook Au Vin, LLC v. Mid-Century Insurance Co.*, **2023 IL App (1st) 220601**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2020-CH-06260; the Hon. Anna Demacopoulos, Judge, presiding. |
| **Attorneys for Appellant:** | William E. Meyer Jr., Blake W. Buether, Vincent Formica, and Lauren K. Miller, of Fuksa Khorshid, LLC, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Brian I. Hays, Randall A. Hack, and Heidi L. Brady, of Locke Lord LLP, of Chicago, for appellee. |