**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 230792-U

Order filed August 11, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| INSPECTOR GENERAL FOR THE CITY OF JOLIET, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0792 Circuit No. 23-MR-79 |
| | ) | |
| ILLINOIS STATE POLICE, | ) ) | Honorable John C. Anderson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Presiding Justice Brennan and Justice Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The motion to dismiss was properly granted as the plaintiff did not have authority to file suit.

¶ 2     The plaintiff, Sean P. Connolly in his official capacity as the Inspector General for the City of Joliet, appeals the granting of the motion to dismiss filed by the defendant, the Illinois State Police, arguing he had standing to sue and the defendant was required to comply with the subpoena.

¶ 3                                      I. BACKGROUND

¶ 4　　　　Relevant to this appeal, in February 2023, the plaintiff issued a subpoena to the defendant. The subpoena requested documents relating to an investigation the defendant conducted regarding allegations by Joliet Councilman Donald Dickinson against Joliet Mayor Robert O'Dekirk.[1] The defendant responded to the subpoena stating it could " 'find no statutory authority for which the subpoena commands [the defendant's] compliance.' " However, the defendant treated the subpoena as a request for public records under the Freedom of Information Act (5 ILCS 140/1 *et seq.* (West 2022)) and sent the plaintiff redacted versions of the requested documents.

¶ 5　　　　After receiving the redacted documents, the plaintiff filed a complaint for declaratory judgment against the defendant, seeking (1) a finding that the defendant had a duty to produce all subpoena documents and (2) an order directing the defendant to comply with the subpoena through the production of unredacted documents. The defendant filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2022)), arguing the plaintiff did not have authority to file suit, the defendant was not required to respond to the subpoena, and it was allowed to withhold certain information related to its investigation, which it properly did when it produced redacted documents. In response, the plaintiff contended that he had permission "from the Joliet City Manager, through the Joliet Legal Department, to file the Complaint." He attached an affidavit from himself to support this statement.

¶ 6　　　　A hearing was held on the motion on November 29, 2023. The court took the matter under advisement and subsequently issued a written order granting the motion to dismiss with prejudice. In doing so, the court agreed with the defendant's section 2-619 arguments and found, based on Joliet's city ordinances, the plaintiff did not have authority to file the lawsuit in his capacity as the

---

[1]According to the pleadings, the investigation prompted a special prosecutor to file charges against Dickinson in Will County case No. 22-CM-240. The case was eventually dismissed in November 2022.

inspector general. Regarding the affidavit the plaintiff filed indicating he received permission to sue from the Joliet city manager, the court stated that the plaintiff "has not identified any authority reflecting that the city manager can unilaterally expand the [inspector general's] authority beyond that which is expressly included and excluded by the ordinance." Moreover, the court stated,

> "The office of the Inspector General is not, itself, a unit of local government under Illinois law. See *Ferguson v. Patton*, 2013 IL 112488, ¶ 30, citing Ill. Const. 1970, art. VII, § 1. It is merely a department or officer of the municipal government of the City of Joliet, established by municipal ordinance, and the [inspector general] has no legal status separate and apart from the City of Joliet. [Citation.] The proper entity to bring suit would be the City of Joliet."

Based on this determination, the court found it did not need to address the other matters raised by the parties. The plaintiff appeals.

¶ 7                                II. ANALYSIS

¶ 8        On appeal, the plaintiff contends the court erred in granting the motion to dismiss. Specifically, he argues he had standing to sue and was granted permission from corporation counsel.[2] Here, the defendant filed its motion to dismiss under section 2-619.1 of the Code, which permits combining motions under sections 2-615 and 2-619 of the Code. 735 ILCS 5/2-619.1 (West 2022). However, the court solely dismissed the complaint based on the defendant's section 2-619 arguments, which are dispositive of the questions raised on appeal.

¶ 9        "A section 2-619 motion to dismiss asserts certain defects or defenses, whether on the face of the complaint or supported by affidavit, that defeat the plaintiff's claim." *EJ Construction 1*

---

[2]The plaintiff makes additional arguments regarding home rule, however, based on our resolution, we need not reach this issue.

3

*Corp. v. Pellegrino*, 2024 IL App (3d) 240069, ¶ 14. Proper grounds for a section 2-619 motion to dismiss include, *inter alia*, "[t]hat the plaintiff does not have legal capacity to sue" (735 ILCS 5/2-619(a)(2) (West 2022)) and "[t]hat the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim" (*id.* § 2-619(a)(9)).

> "The phrase 'affirmative matter' refers to something in the nature of a defense that negates the cause of action completely or refutes crucial conclusions of law or conclusions of material fact contained in or inferred from the complaint. [Citation.] Lack of standing is an 'affirmative matter' that is properly raised under section 2-619(a)(9)." *Glisson v. City of Marion*, 188 Ill. 2d 211, 220 (1999).

When reviewing a dismissal under section 2-619, "[t]he relevant question is whether there exists a genuine issue of material fact precluding dismissal, or absent an issue of material fact, whether dismissal is proper as a matter of law." (Internal quotation marks omitted.) *Cook Au Vin, LLC v. Mid-Century Insurance Co.*, 2023 IL App (1st) 220601, ¶ 11. We accept as true all well-pled facts and construe those facts in the light most favorable to the nonmoving party. *Id.* We review *de novo* a dismissal under section 2-619. *Id.*

¶ 10 We first must consider the scope of the plaintiff's authority under the City of Joliet ordinance. "The rules of statutory construction apply to municipal ordinances ***." *Atwater v. Lake County Zoning Board of Appeals*, 2025 IL App (2d) 240276-U, ¶ 17. Thus, our primary goal in construing an ordinance is to determine the intent of the drafters. *Roselle Police Pension Board v. Village of Roselle*, 232 Ill. 2d 546, 552 (2009). The plain and ordinary language of the ordinance is the best evidence of the drafter's intent. *Id.*

¶ 11 Joliet Municipal Code section 2-506 enumerates the duties of the inspector general and states in full:

"(a) The inspector general shall have the following powers and duties:

(1) To investigate the performance of governmental officers, employees, functions and programs, either in response to complaint or on the inspector general's own initiative, in order to detect and prevent misconduct, inefficiency and waste within the programs and operations of the city government;

(2) To promote economy, efficiency, effectiveness and integrity in the administration of the programs and operations of the city government by reviewing programs, identifying any inefficiencies, waste and potential for misconduct therein, and recommending to the mayor and the city council policies and methods for the elimination of inefficiencies and waste, and the prevention of misconduct;

(3) To report to the city manager, the mayor and city council concerning results of investigations undertaken by the office of inspector general;

(4) To request information related to an investigation from any employee, officer, agent or licensee of the city;

(5) To administer oaths and to examine witnesses under oath;

(6) To issue subpoenas to compel the attendance of witnesses for purposes of examination and the production of documents and other items for inspection and/or duplication; and

(7) To promulgate rules and regulations for the conduct of investigations and public hearings consistent with the requirements of due process of law and equal protection under the law.

(b) Nothing in this article shall preclude the corporation counsel or inspector general from referring a complaint or information to the state's attorney or the appropriate federal, state or local law enforcement authorities.

(c) The powers and duties of the inspector general shall extend to the conduct of the following:

(1) Except as limited in this article, all employees and all elected and appointed officers of the city government in the performance of their official duties;

(2) All contractors and subcontractors in the providing of goods or services to the city pursuant to a contract;

(3) Business entities in seeking contracts or certification of eligibility for city contracts;

(4) Persons seeking certification of eligibility for participation in any city program; and

(5) Charitable organizations and other governmental bodies to which the City of Joliet lends either financial or other support.

(d) Complaints.

(1) Notwithstanding any other provision in this article to the contrary, if the office of the inspector general receives or is referred a complaint against any city official, city employee or any other person, the inspector general, after reviewing the complaint, may only:

a. Decline to open an investigation if he determines that the complaint lacks foundation; or

b. Refer the matter to the supervisor of the employee or official if he determines that the potential violation is minor and can be resolved internally as a personnel matter; or

c. Open an investigation.

(2) Notwithstanding any other provision in this article to the contrary, at any point during an investigation that the inspector general conducts, the inspector general may only:

a. Dismiss the matter and close the investigation based on a finding that the alleged violation is not sustained; or

b. Refer the matter to the state's attorney or the appropriate federal, state or local law enforcement authorities, if he reasonably believes that the alleged misconduct would violate a criminal statute; or

c. Refer the matter to the mayor and the city manager for appropriate administrative action." Joliet Municipal Code § 2-506 (adopted Jan. 4, 2022).

¶ 12    Based on our reading of this ordinance, while the inspector general has the ability to undertake an investigation and issue subpoenas, it does not have the authority to file a lawsuit based upon this investigation or the noncompliance with a subpoena. The ordinance specifically states that, during or after an investigation, the inspector general is limited to closing the investigation or referring the matter if he believes the alleged conduct requires criminal or administrative action. Where an ordinance "lists the thing or things to which it refers, the inference is that all omissions are exclusions, even in the absence of limiting language." (Internal quotation marks omitted.) *City of St. Charles v. Illinois Labor Relations Board*, 395 Ill. App. 3d 507, 509-

10 (2009). Therefore, based on the plain and ordinary language of the ordinance, the plaintiff did not have the authority to file the complaint in this case.

¶ 13    The plaintiff's reliance on *Ferguson*, 2013 IL 112488, does not compel a different result. While *Ferguson* is factually similar, in that it concerned the Chicago inspector general filing suit for the failure to comply with a subpoena, it involved the inspector general's authority under an entirely different municipal code. The Chicago Municipal Code ordinance in question stated, "For seven days after receipt of a timely objection to a subpoena, the inspector general shall take no action to enforce the subpoena or to initiate prosecution of the person to whom the subpoena is directed." (Internal quotation marks omitted.) *Id.* ¶ 28. Based on this, our supreme court found that the Chicago inspector general had the authority to file suit upon the noncompliance of a subpoena, reasoning that,

> "If the Inspector General is required to temporarily refrain from action when an objection has been filed, it necessarily follows that once the requisite seven-day period has elapsed without resolution of the objections and compliance with the subpoenas, action by the Inspector General to enforce the subpoena or to initiate prosecution of the person to whom the subpoena is directed is permitted. If that were not so—if the City Council did not intend to confer such authority on the Inspector General—the seven-day waiting period would serve no purpose." *Id.*

Unlike the ordinance at issue in *Ferguson*, the City of Joliet ordinance does not give the inspector general any authority to initiate prosecution for noncompliance with a subpoena. The plaintiff points to a portion in *Ferguson* where the court found the inspector general had standing when considering whether a justiciable controversy existed. See *id.* ¶¶ 21-27. Based on this, the plaintiff

8

argues that he has standing to file suit in this case. However, the issue in this case is not one of standing but instead of the authority to sue.

¶ 14   The defendant further argues that he was granted permission to file the suit from corporation counsel. Section 2-181 of the Joliet Municipal Code sets forth the duties of corporation counsel for the City of Joliet. Joliet Municipal Code § 2-181 (adopted Jan. 4, 2022). Nowhere in the Joliet Municipal Code does it give corporation counsel the ability to authorize the inspector general to file suit on his own behalf or on behalf of the City of Joliet. Even if corporation counsel could authorize the plaintiff to file suit and the plaintiff's affidavit sufficiently established such, "The office of the Inspector General is not, itself, a unit of local government under Illinois law." *Ferguson*, 2013 IL 112488, ¶ 30. The inspector general has no legal status separate from the City of Joliet and cannot sue in its own capacity. See *id.* The proper entity to have brought suit was the City of Joliet.

¶ 15   On this point, we reject the plaintiff's contention that he "should have been granted leave to amend his complaint naming the City of Joliet as plaintiff" as he did not seek leave to amend in the circuit court. It was the plaintiff's responsibility to ask the court for leave to amend, and the suggestion that the court should have granted him leave *sua sponte* is without any legal precedent. Nonetheless, he now asks this court for leave to amend the complaint, which we also reject. "The difference between asking for leave to amend at the trial level and seeking leave to amend for the first time on appeal is generally dispositive." *Selcke v. Bove*, 258 Ill. App. 3d 932, 937 (1994). As the plaintiff did not seek amendment in the circuit court, and considering the record before us, we must assume that the court acted within its discretion in dismissing the case with prejudice. *Teter v. Clemens*, 112 Ill. 2d 252, 261 (1986).

¶ 16                                    III. CONCLUSION

9

¶ 17   The judgment of the circuit court of Will County is affirmed.

¶ 18   Affirmed.